C. C. and A. L. McCargo v. Frank M. Smith et al.

Decided June 9, 1900.

**Jurisdiction of District Court—Injunction to Restrain Sale of Land.**

Where land is levied on by virtue of an execution issued out of the county court, one who is not a party to the record there may maintain a suit in the district court of the county where the land lies to enjoin the levy and sale upon the ground that the land is not the property of the defendant, since this is not an action to enjoin the execution, such as the statute (Revised Statutes, article 2880) requires to be brought in the court where the judgment was rendered.

Appeal from Jones. Tried below before Hon. N. R. Lindsey.

*Cockrell & Hardwicke* and *Theodore Mack,* for appellants.

*C. M. Christenberry,* for appellees.

STEPHENS, Associate Justice.—The judgment of the District Court dismissing this suit for want of jurisdiction must be reversed, because the suit was not brought to enjoin the execution issued out of the county court, but merely to enjoin the sale of lands levied on under that execution. Appellants, plaintiffs below, were strangers to the record of the county court case, and were clearly entitled to have the district court of the county where the land in controversy is situated determine whether or not they were entitled to enjoin the sale thereof under execution issued out of the county court, upon the ground, as alleged by them, that the same was not subject to levy and sale as the property of the defendants in the execution. Whether the petition made a case entitling them to an injunction is a question not determined by the district court, and upon which we express no opinion. The following authorities are conclusive upon the question of jurisdiction: Van Ratcliff v. Call, 72 Texas, 491; Leachman v. Capps, 89 Texas, 690; Fannin County Bank v. Lowenstein, 54 S. W. Rep., 316.

The judgment is reversed and cause remanded.

*Reversed.*