## HOUSTON & TEXAS CENTRAL RAILWAY COMPANY v. JOHN PATTERSON.

### Decided November 27, 1901.

**1.—Negligence—Contributory Negligence.**

Verdict finding negligence of defendant and absence of plaintiff's contributory negligence sustained, in case of an employe run over by a switch engine while being pursued in sport by another employe in the railroad yards.

**2.—Damages—Personal Injuries.**

Verdict for $6750 sustained as not excessive for personal injuries to a brakeman earning $60 per month, involving amputation of leg.

**3.—Evidence—Error—Materiality.**

Erroneous admission of evidence irrelevant but unimportant in answer to a hypothetical question not warranted by the proof, may not be ground for reversal when it was not likely to have influenced the jury.

**4.—Damages—Medicines—Value—Remittitur—Costs.**

It was error to submit, as an element of damages for personal injuries, the amount paid by plaintiff for medicines, without proof that such sum was their reasonable value; but the error could be cured by remittitur in the appellate court, without entitling an appellant, who had not raised the question below, to the costs of appeal.

Appeal from Travis. Tried below before Hon. F. G. Morris.

*Gregory & Batts* and *Frank Andrews,* for appellant.

*Ashby S. James* and *Henry Faulk,* for appellee.

KEY, ASSOCIATE JUSTICE.—The nature of this suit and questions involved are shown by the trial judge's charge, which, omitting formal parts, reads as follows:

"The plaintiff sues the defendant railroad company for damages for personal injuries alleged to have been caused by negligence of the defendant's employes, consisting in carelessly running a switch engine at a dangerous rate of speed above six miles an hour, in the city of Austin, across a public street, without keeping a proper lookout for persons who might be hit by the engine, and without ringing the bell on the engine at the time of starting the same and continuing to ring said bell while crossing the street, and negligently obstructing the view of the plaintiff by placing upon the track adjacent to the one on which he was injured a number of cars and coaches, by reason of which his view was obstructed so that he could not see the engine by which he was injured in time to avoid the injury, and by further carelessly and negligently failing to use ordinary care and prudence to avoid the injury to plaintiff after the servants of defendant saw plaintiff in his dangerous position, and in failing to use the appliances at hand to prevent said injury and warn plaintiff of his danger.

"The defendant answers and denies all the allegations of plaintiff's petition, and pleads as a defense (1) that its employes were operating the engine in a careful and prudent manner, and that plaintiff was injured through his own negligence in failing to look out and listen for the engine when he knew it was being operated in the switch yard. (2) That plaintiff's injury was caused by his own negligence, in that, while he was not engaged in any business for defendant, he was engaged with one Charles Lankford in an altercation or play, and carelessly and negligently, while so engaged, ran into the moving engine of defendant under circumstances under which the engine could not have been stopped so as to prevent injury after it appeared that plaintiff would run in front of the engine. That plaintiff was well aware of the danger of running carelessly in the switch yard where engines and cars were moving or likely to move at any time. The details of the negligence of defendant, charged by plaintiff, and of the negligence of plaintiff, charged by defendant to have existed at the time of the injury, are set out in the pleading of the parties, to which you are referred for the details thereof.

"1.  Railroad companies are not liable for damage in all cases in which their employes cause injuries to others, but only when the injury is caused by the negligence of its employes and without negligence on the part of the person injured which contributed proximately to the injury complained of, hence it is necessary for the court to define negligence to you, and for you to determine from the evidence whether defendant's employes were guilty of negligence which was the proximate cause of the injury inflicted upon plaintiff, and, if you find that the defendant's employes were thus negligent, then, whether plaintiff was also guilty of such negligence on his part as contributed proximately to his injury.

"Negligence is a want of such care as an ordinarily prudent person would use under the same circumstances.  Contributory negligence is a want of such care as an ordinarily prudent person would exercise un-

der the same circumstances, which is concurred in by the negligence of the person injured, but for which the injury would not have occurred.

"2. If you shall find from the evidence that the defendant was guilty of negligence in some or all of the particulars hereinafter charged, and that such negligence occasioned, directly and proximately, the injuries of plaintiff, then you will find for the plaintiff, unless you shall further find that the plaintiff was also guilty of negligence in some or all of the particulars charged in defendant's answer, and that such negligence of the plaintiff contributed directly and proximately to his injury, and that the injury would not have occurred but for such negligence on his part, then you will find for the defendant.

"3. It was the duty of the defendant, the Houston & Texas Central Railroad Company, under the ordinances of the city of Austin, to refrain from running its engine at a greater rate of speed than six miles per hour in the corporate limits of the city of Austin; and if you believe from the evidence in this case that at the time of the injury complained of the servants and employes of said defendant were then and there running said engine at a greater rate of speed than six miles per hour, and that said conduct on their part was negligence, and that by reason thereof plaintiff received the injuries complained of, then you will find for plaintiff. But if you believe from the evidence that at the time of the accident the defendant's engine was being operated at a high rate of speed and was running at a greater rate of speed than was allowed by the city ordinance of the city of Austin, this of itself, if negligence, would not entitle plaintiff to recover. You must further believe that said high rate of speed, if any you should find, was the direct and proximate cause of the plaintiff's injury; that is to say, you must believe that but for the high rate of speed said injuries, if any, would not have occurred or been inflicted on the plaintiff, and you must further believe, as hereinbefore charged and defined, that the plaintiff was himself free from contributory negligence and could not, by the exercise of ordinary care, have avoided said injury, if any.

"4. It was the duty of the defendant, the Houston & Texas Central Railroad Company, when starting an engine at a less distance than eighty rods from the crossing of a public street, to ring the bell on said engine and to keep said bell ringing until said street was crossed, and if you believe from the evidence in this case that said engine was started across said street at a point less than eighty rods distant therefrom, and that said servants and employes of said defendant on said engine failed to ring said bell when starting said engine and to continue to ring same up to the point of injury on said street, and that said conduct on their part was negligence, and that the plaintiff, by reason of said negligence, received the injuries complained of, then you will find for the plaintiff.

"5. If you believe from the evidence that the plaintiff John Patterson was in a romp or play with one Chas. Lankford, on the occasion of and just prior to his accident, and that in such romp or play the said Chas. Lankford pretended or threatened to strike or burn the plaintiff

John Patterson with a hot iron, and that the said Patterson, in play or otherwise, walked, ran, or fled from before said Lankford towards and to the spot where he was injured, and that his romp, or play, or fight was the direct and proximate cause of his failing to see or hear the approaching engine, and if he did so fail, and that such conduct, if any, was negligence on his part under all the circumstances, and that such negligence contributed directly and proximately to his injury, then the defendant would not be liable, and you will return your verdict for the defendant.

"6. If you believe from the evidence in this case that the plaintiff, for the purpose of discharging his duty in his employment with the Austin & Northwestern Railroad Company, was walking off from his train in the direction of the place where he was injured, in the performance of his duty in seeing that his train was properly coupled up, and you further believe that in approaching said place he failed to use ordinary care in looking or listening for an approaching engine or train, or danger upon said track upon or near which he was injured, and you further believe that if he had used ordinary care in looking or listening for an approaching engine or train or danger on defendant's track, at or near which he was injured, he could have seen or heard the approaching engine and could have done so in time to have avoided injury, and if you further believe that the said conduct, if any, on his part, was negligence which directly or proximately contributed to his injury, then the plaintiff would not be entitled to recover, and if you so believe, you will return a verdict for the defendant.

"7. If you believe from the evidence in this case that the engineer of the switch engine of defendant by which plaintiff was injured saw plaintiff by or on said track where said injury occurred, in a dangerous position, and recognized such danger, if any appeared to exist, and that said engineer made no effort to avoid a collision with plaintiff after discovering such danger, and that neither he nor the employes of defendant made any effort to warn plaintiff of the approach of said engine or to avoid said injury, and that by the exercise of ordinary care and prudence in the use of the appliances at hand they could have prevented said injury to plaintiff after having discovered his danger, if they did discover it, and that their failure to make an effort to avoid injuring plaintiff was negligence on their part, and that by reason of their failure to use ordinary care to prevent the injury, after seeing plaintiff in such dangerous position, plaintiff was injured, then you will find for the plaintiff, even though you may believe that he was negligent in placing himself in such dangerous position.

"An engineer operating a railroad locomotive is authorized, as matter of law, to presume that persons upon or near or approaching a railroad track are in possession of all their senses and will exercise ordinary care and prudence to prevent being injured, and such engineer is authorized to operate his locomotive upon such presumption; and such presumption continues until it becomes apparent to an ordinarily prudent person,

situated as such engineer was situated at the time, that such person is not going to exercise ordinary care and prudence for his safety and protection, and is in imminent danger and peril, and unless such imminent danger and peril is discovered by such engineer, or would have been discovered by an ordinarily prudent person situated as he was situated, in time to have stopped said engine in time to have avoided injury to such person upon or near the track when approaching the same, then the railroad company would not be liable to such person for a failure to stop said engine in time to avoid injuring such person; and if you believe in this case that the defendant's engineer did not discover that the plaintiff was in a position of imminent danger or peril before he was struck in time to have stopped said engine in time to have avoided injuring the plaintiff, then upon this branch of the case plaintiff would not be entitled to recover, and as to the charge of a negligent failure to stop after the danger was discovered you will return your verdict for the defendant.

"8. If the jury shall find from the evidence for the plaintiff, they will assess his damages at such sum as they believe from the evidence will fairly compensate him for the physical and mental suffering which he has undergone by reason of his injuries, and which he will probably undergo in the future, if any, for the value of the time which he has lost and will probably lose in the future, if any, by reason of such injuries; and for his reasonable and necessary expenses for medicine and surgical and medical treatment, if any, occasioned by reason of said injuries.

"8½. The burden of proof in this case is on the plaintiff to establish the material allegations in his petition by a preponderance of the evidence, and unless you believe from the evidence that plaintiff has established some group of facts which the court has charged you are material to his recovery, you will return your verdict for the defendant.

"9. The jury are exclusive judges of the credibility of the witnesses, and of the weight to be given to the evidence, and of the facts proven; and they will decide all issues submitted to them according to the preponderance of the evidence."

The case has been on appeal several times before. Upon the last trial a verdict and judgment were rendered for the plaintiff for $6750.

*Opinion.*—The first assignment challenges the verdict as not being supported by the testimony, the contention being that the defendant was not shown to have been guilty of any negligence, and that the plaintiff was guilty of contributory negligence. Though the evidence of several witnesses point the other way, the testimony given by the plaintiff and one other witness supports the finding, and we therefore find that the defendant was guilty of negligence in failing to ring the bell or give any other signal warning the plaintiff of the approach of the engine, and in running the engine at a rate of speed exceeding six miles an hour, in violation of an ordinance of the city of Austin, where the

accident occurred. And the plaintiff's testimony supports a finding, and we so find, that he was not guilty of contributory negligence.

The seventh assignment criticises the verdict as excessive; but in view of the serious and permanent injuries sustained by the plaintiff, this assignment must be overruled.

The most of the other assignments complain of the action of the court in refusing certain special instructions requested by the defendant. Some of them were in conflict with former rulings made by this court in this case; and, in so far as any of them stated the law applicable to the case, they were covered by the charge given by the court.

The testimony of the witness Moore, complained of in the eighth assignment, does not appear to be very important, and if it was immaterial, as contended, it is not claimed in the bill of exception nor in the assignment that it was prejudicial to the defendant. So if it be true that the evidence complained of was in reply to a hypothetical question based upon a hypothesis that had no existence in fact, if it was irrelevant and immaterial, as contended by appellant, we do not think it was calculated to influence the jury.

The second assignment complains of the eighth paragraph of the court's charge, upon the theory that there was no testimony authorizing the plaintiff to recover anything for medicine. The plaintiff averred in his petition that on account of the injuries complained of it became necessary and he spent $150 for medicines. No witnesses except himself testified on that subject, and he said: "I did not expend any money to have parties nurse me, but suppose in all, spent about $75 for medicines, bandages, etc., which were necessary for me to have." No witness testified concerning the market or reasonable value of these medicines, and for this reason plaintiff was not entitled to recover anything therefor. The defendant, not being a party to the contract, is not necessarily compelled to pay the amount paid out by the plaintiff for medicines, but only the reasonable value of such as were necessary. This point was expressly decided in Wheeler v. Railway, 91 Texas, 356. However, the error in this respect does not require a reversal of the entire judgment, if the plaintiff sees proper to cure it by filing a remittitur in this court for $75, in which event the judgment will be affirmed.

It is not shown that this omission in the testimony was pointed out in the court below, where it could have been remedied by a remittitur, and for that reason the costs of the appeal, if the remittitur be filed within ten days, will be taxed against the defendant. If the remittitur be not filed within the time specified, the entire judgment will be reversed and the cause remanded.

[Appellee filed a remittitur of the sum of $75, whereupon the judgment was affirmed.]

*Affirmed.*

Writ of error refused.