J. E. WHITE v. ALBERT T. EAVENSON ET AL.

Decided April 19, 1907.

1.—Ten Years Limitation—Evidence.

W. without deed or other right entered upon a 320 acre survey, intending to acquire the whole of it by limitation; he cleared some of the land, built a house, barn and out-houses, fenced about 40 acres and occupied and used that much, claiming the entire survey until informed that he could not acquire more than 160 acres by limitation, when he reduced his claim to the south half of the survey, but never had the lines marked; he had the 40 acres, actually enclosed and occupied by him, surveyed and staked off; he rendered and paid taxes on only 40 acres.  Held, the burden was upon W. to establish his plea of limitation by affirmative proof, and evidence of the facts stated was insufficient to prove title by limitation as to any part of said survey except the 40 acres.

2.—Same—Payment of Taxes.

Evidence of the payment of taxes on only a certain number of acres is admissible on the issue of the extent of the claim of the person in possession.

Appeal from the District Court of Liberty County. Tried below before Hon. L. B. Hightower.

*Byers & Byers,* for appellant.—The court erred in rendering judgment in favor of said J. E. White for only forty acres of land, because, under the undisputed evidence in this case, judgment should have been rendered in favor of said J. E. White for one hundred and sixty (160) acres of land out of the survey in controversy. Rev. Stats. (Sayles), art. 3344; Link v. Bland, 95 S. W. Rep., 1110; Pearson v. Boyd, 62 Texas, 544.

Where one actually resides upon a large tract of land and claims it for ten years, under our statute he acquires title to 160 acres, including his improvements, whether it be inclosed or not, unless there be something in the evidence to restrict him to a smaller area. Williams v. Rand, 30 S. W. Rep., 511; Craig v. Cartwright, 65 Texas, 421; Nativil v. Raymond, 59 S. W. Rep., 312; Watts v. Bruce, 72 S. W. Rep., 260; Burton Heirs v. Carroll, 72 S. W. Rep., 582.

*J. F. Dabney,* for appellees.

GILL, CHIEF JUSTICE.—Albert T. and Marvin N. Eavenson brought this suit against J. E. White and A. P. Hutton to recover the Joshua Mayes 320-acre survey. Hutton disclaimed except as to an undivided one-eighth interest in the entire survey. White answered claiming 160 acres, the south half of the survey, by limitation of ten years, and disclaimed as to the remainder.

The court tried the case without a jury, and after hearing the evidence adjudged to Hutton an undivided one-eighth of the entire survey less his proportion thereof lost to White by limitation, and adjudged to White a specific forty acres under his plea of limitation of ten years. The plaintiffs recovered the remainder. White has appealed and assails the judgment as contrary to the undisputed evidence.

White testified that he entered upon the land in 1881 intending to acquire the entire 320 acres by limitation. That he had no deed and no rights therein. That he cleared some of the land, built a house, barn and outhouses, fenced about forty acres and occupied and used that much claiming the entire survey until a number of years ago Mr. Hutton told him he could not acquire the entire survey under his claim, but only 160 acres. Whereupon he ceased to claim the entire survey and has since claimed only the south half thereof by metes and bounds. It developed on cross-examination that he had never had the south half surveyed. That as to the 40 acres actually enclosed and occupied by him he had had that surveyed and staked off, and had rendered and paid taxes on the 40 acres and no other part of the survey for a great many years. He admitted that his claim to the land beyond that had been merely mental until two or three years before the filing of this suit, when he enclosed a large part of the south half and used it as a pasture. No other witness testified upon the issue except as to his occupancy of the 40 acres.

The burden was upon White to establish his plea of limitation by affirmative proof, and in view of the contradictory and unsatisfactory nature of his testimony and the circumstance of the payment of taxes on the specific 40 acres we can not safely conclude that the court was wrong in refusing to hold that White had discharged the burden of proof. The survey of the 40 acres; its distinct demarkation, and the payment of taxes on that alone, strongly indicates that he did not claim beyond it.

Appellant complains of the admission of the testimony to the effect that he paid the taxes on the 40 acres and paid no taxes on any greater part of the survey. We think it was clearly admissible on the issue of the extent of his claim. Waller v. Leonard, 89 Texas, 507. We do not mean to intimate that payment of taxes was necessary to the validity of his claim under the ten-year statute, but the fact that he paid them on a part of the land he claims and failed to pay them on the remainder is a circumstance tending to show that he did not claim openly beyond what he claimed to the tax assessor and collector.

We have duly considered each of appellant's assignments of error and have found none of them meritorious. The judgment is therefore affirmed.

<i>Affirmed.</i>