FT. WORTH & DENVER CITY RAILWAY COMPANY v. ANNIE MORRISON.

Decided June 16, 1910.

**1.—Damages—Pleading—Time Lost by Injury.**

Plaintiff could not recover for loss of time from injuries to the person, though alleging specifically the nature of such injuries, where the petition also specified the elements of damages claimed, and mentioned only physical and mental pain and physician's bills.

**2.—Damages—Proof of Permanent Injury.**

Evidence held insufficient to show permanent injury or justify its submission as a possible basis for damages.

**3.—Double Damages—Loss of Time—Permanent Disability—Charge.**

An instruction submitting, as separate elements of damages for injury to the person, loss of time and permanent disability, criticised, but held not ground for reversal as directing award of double damages.

Appeal from the District Court of Clay County.   Tried below before Hon. A. H. Carrigan.

*Spoonts, Thompson & Barwise, Allen, Jones & Allen, T. A. Martin* and *J. A. Chambers,* for appellant, on double damages, cited: St. Louis S. W. Ry. Co. v. Smith, 63 S. W., 1064; Ft. Worth & D. C. Ry. Co. v. Spear, 107 S. W., 613.

*Arnold & Arnold* and *E. W. Nicholson,* for appellee.—Loss of time was a natural incident to the injuries alleged, and recoverable without being otherwise pleaded.   Gainesville H. & W. Ry. Co. v. Lacey, 86 Texas, 244; Ft. Worth & R. H. St. Ry. Co. v. Hawes, 107 S. W., 556; El Paso & S. W. Ry. Co. v. O'Keefe, 110 S. W., 1012.

The charges did not authorize double damages.   El Paso & S. W. Ry. Co. v. O'Keefe, 110 S. W., 1002.

WILLSON, CHIEF JUSTICE.—While a passenger on one of appellant's trains, as a result (as determined by the jury) of its negligence, whereby the car in which she was riding was derailed, appellee suffered injuries to her person.   As the damages to which she became entitled on account of such injuries, she recovered against appellant the judgment for $1,000 from which this appeal is prosecuted.

As to the measure of damages recoverable by appellee the court instructed the jury as follows: "If you find for the plaintiff, then you will award her such a sum as in your judgment will compensate her for the injuries, if any, to her which you find are the natural and direct result of the negligence complained of and not for any other cause or causes.   In estimating her damages, if any, you will assess them at such sum as in your opinion will (1) reasonably compensate the plaintiff for the physical pain and mental suffering sustained by her, if any was sustained; (2) for loss of time, if any; (3) if you find that the injuries, if any, of plaintiff are permanent, then such additional sum as will, if paid now, reasonably compensate her for such diminished capacity to perform labor in the future, in the event that you find that her capacity to perform labor has been diminished by reason of such permanent injuries, if any."   The instruction is attacked as erroneous on several grounds.   1. As not supported by the pleadings, in so far as it authorized the jury to take into consideration, in estimating her damages, time lost by appellee as a result of the injuries.   It is not necessary to determine whether, if appellee had not specified in her petition the elements of the damages she sought to recover, the instruction should be held to be erroneous or not.   There is authority for saying, the nature of the injuries having been set out in the petition, that the instruction in that respect should not in that event be held to be erroneous.   Texas & P. Ry. Co. v. Bowlin, 32 S. W., 919; El Paso S. W. Ry. Co. v. Barrett, 46 Texas Civ. App., 14, 101 S. W., 1029.   And there is authority for a holding to the contrary. Texas & P. Ry. Co. v. Buckalew, 34 S. W., 166; Lodwick Lumber Co. v. Taylor, 39 Texas Civ. App., 302, 87 S. W., 360; 4 Suth. Dam., sec. 1247.   In her petition appellee chose to specify as the only elements of the damages she claimed, the physical pain and mental anguish she

had suffered and the expense she had incurred in procuring the services of physicians. We think she bound herself by such specifications and was not entitled to recover on account of other elements of damages sustained by her. Ft. Worth & D. C, Ry. Co. v. Measles, 81 Texas, 474; Texas & P. Ry. Co. v. Durrett, 24 Texas Civ. App., 103, 58 S. W., 188. Appellant had a right to treat such specifications as a declaration by her that she did not seek a recovery on account of time she had lost, and to have the case submitted to the jury on that view of her pleadings. In- not confining the jury to a consideration of the elements of damages so specified, we think the court erred. 2. It is contended that there was no evidence authorizing the submission to the jury of an issue as to whether the injuries suffered by appellee were permanent or not. If on another trial the evidence should be the same as it is in the record before us, we are inclined to think an issue as to permanent injuries should not be submitted to the jury. 3. Another insistence with reference to said part of the court's charge is that it authorized the jury to assess double damages in favor of appellee. We are not prepared to say the instruction is not capable of being construed as authorizing the jury to award to appellee compensation for her injuries, and a sum in addition thereto, if they found her injuries to be permanent. But we think the instruction is capable of being otherwise construed—as directing the jury, in awarding appellee compensation for the injuries she had sustained, to consider as elements thereof only physical pain, mental anguish and loss of time suffered by her, and her diminished capacity to labor in the future. If the instruction might be so construed, we think it ought to be assumed that the jury, as intelligent men, so construed it; for it would be unreasonable to suppose that they would, if it could be avoided, construe it as directing them to do so palpably unjust a thing in returning their verdict as to double a sum they found to be compensation for an injury sustained. Therefore, if it did not appear that the judgment otherwise was erroneous, we would be unwilling to reverse it on the ground that the charge authorized a double recovery. As, however, the cause is to be remanded for a new trial, because of the error in authorizing the jury to consider time lost by appellee as an element of her damages, on such trial we suggest that the instruction should be so framed as to be incapable of being construed as a direction to the jury to find in favor of appellee any sum in addition to the sum they may believe to be sufficient to compensate her for injuries alleged and proven.

The judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*