## GALVESTON–HOUSTON ELECTRIC RY. CO. v. ENGLISH. (No. 6886.)

(Court of Civil Appeals of Texas. Galveston. May 13, 1915. Rehearing Denied June 10, 1915.)

1. DAMAGES ⬤163—NECESSITY OF PROOF—VERDICT.

Where plaintiff's automobile was injured by a collision with defendant's train under such circumstances as to entitle him to recover for expenses necessarily incurred, it was incumbent upon him to prove what the repairs made were reasonably worth, and receipted bills showing what he had paid different parties for repairs were not sufficient to show that the amounts so charged and paid were reasonable; and, in the absence of such proof, the jury was without competent evidence on which to base a verdict.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 454–459; Dec. Dig. ⬤163.]

2. DAMAGES ⬤174—ADMISSIBILITY OF EVIDENCE—RECEIPTS.

Such receipted bills were admissible to show what plaintiff had paid for repairs, but

not as evidence of the reasonableness of the charges.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 462–467; Dec. Dig. ☞174.]

3. DAMAGES ☞208—ASSESSMENT—ISSUES.

Where plaintiff's automobile was injured by collision with defendant's train under circumstances entitling him to recover the expenses necessarily incurred for repairs, and his pleadings sufficiently alleged loss of earnings or net profits from being deprived of the use of the automobile during repairs and was sustained by competent evidence, the court properly submitted such issue to the jury.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 54, 64, 68, 132, 144, 145, 205, 220, 533, 534; Dec. Dig. ☞208.]

Appeal from District Court, Galveston County; Clay S. Briggs, Judge.

Action by H. A. English against the Galveston-Houston Electric Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Terry, Cavin & Mills, of Galveston, for appellant. Wm. B. Lockhart and H. H. Treaccar, both of Galveston, for appellee.

McMEANS, J. H. A. English brought this suit against the Galveston-Houston Electric Railway Company to recover damages alleged to have been sustained by him as a result of a collision between one of defendant's cars and a rent automobile owned by plaintiff. The damages claimed were the amount which plaintiff alleged he necessarily expended in the reasonable repairs of the automobile and the loss of net profits which he claimed he would have made through renting of the car during the period in which such repairs were being made. The case was tried before a jury, which returned a verdict in favor of plaintiff for $500, itemizing the same as $363.30 as the reasonable cost of repairs and $136.70 as loss of net profits, upon which judgment was accordingly entered. Defendant has appealed.

Appellant's seventeenth assignment of error is as follows:

"The verdict of the jury and the judgment of the court thereon, in so far as the same allow the plaintiff a recovery of the sum of $363.30 as the amount of reasonable repairs expended by plaintiff upon said automobile, is without any evidence to support it in that there was absolutely no testimony of any kind or character showing or tending to show, or from which the jury might have found, that the amount expended by plaintiff was reasonable."

The only evidence on the question of the value of the repairs found in the record is as follows:

Plaintiff testified:

"After the accident occurred I had my automobile taken up to the Updegraff-Hupp Automobile Repair Company; had them to work on the car and place it in good condition. I paid them for their services. They rendered me a bill for their services, and I paid them. I think I would be able to identify the receipted bill if I saw it."

The witness examined a paper handed to him, and continued:

"This is the receipted bill that I received from the Updegraff & Hupp Automobile Company, marked paid."

The receipted bill was then introduced in evidence, and is as follows:

"June, 1913.

"Mr. Harry English to Undegraff-Hupp Auto Repair Co., Dr.

Work on Chalmers 30, total............$98.30

"Paid 7/7/13. U. P. D. E."

Witness continued:

"Mr. A. Baushell performed services in regard to the repairing of this machine. He worked on the top; fixed the bows and the top—the cloth. He rendered me a bill for his services, and I paid him. Nic Bohn & Son rendered me services in regard to fixing it up and rendered me a bill, which I paid. These are the receipted bills I received from Mr. Baushell and Nic Bohn."

The receipted bills were then offered in evidence, and are as follows:

"Galveston, Texas, June 12, 1913.

"Mr. H. A. English to A. Baushell & Co., Dr. June 12. Repairs on auto and top.....$35.00

"Paid. A. Baushell."

"Galveston, Texas, June 12, 1913.

"Mr. H. A. English to Nic Bohn & Son, Dr. To body and painting auto............$185.00

"Paid. Nic Bohn & Son."

The witness continued:

"The only other expense I incurred in placing the car in its original condition (that is; prior to the time of the accident) was only just as was written down, the tires and the towing, and such as that. I forget how much I paid for the tires; I can't recollect. The size of the wheel was a 35–4—somewhere around $35, and for the towing I paid $2. I purchased a new tube for one of the wheels. That was all tore. The casing and tube was tore all to pieces, you know."

[1, 2] There was absolutely no testimony that the amounts charged by the different parties and paid by plaintiff for the repairs was the reasonable value of such repairs.

We think that the plaintiff's automobile was damaged under such circumstances as entitled him to a judgment against the defendant for the expenses necessarily incurred by him for repairs, but he is not entitled to recover more than the reasonable cost of such repairs. It was incumbent upon him, therefore, to prove, not what he paid to others for doing the work, but what the repairs made were reasonably worth; and, in the absence of such proof, the jury was without competent evidence upon which to base a verdict. Railway v. Warren, 90 Tex. 566, 40 S. W. 6; Wheeler v. Railway, 91 Tex. 361, 43 S. W. 876; Railway v. Pereira, 45 S. W. 767; Railway v. Bellew, 22 Tex. Civ. App. 264, 54 S. W. 1079; Railway v. Taylor, 58 S. W. 166; Railway v. Sampson, 64 S. W. 692; Railway v. Patterson, 27 Tex. Civ. App. 249, 65 S. W. 202; Dallas v. Moore, 32 Tex. Civ. App. 230, 74 S. W. 95.

The receipted bills admitted in evidence were merely memoranda of the amounts paid by plaintiff for repairs and were not sufficient

to show that the amounts so charged were reasonable; and, while admissible to show that he had paid for repairs, it was still incumbent upon plaintiff to prove, by other evidence, the reasonableness of the charges. In themselves the receipted bills were not evidence of this fact. Railway v. Harriett, 80 Tex. 82, 15 S. W. 556. These conclusions necessarily lead to a reversal of the trial court's judgment.

[3] We think that plaintiff's pleadings sufficiently alleged loss of earnings or net profits from being deprived of the use of his rent automobile while it was undergoing repairs, and that the allegations were sustained by evidence which was competent, and that the court properly submitted this issue to the jury; and appellant's several assignments of error relating to these matters must be overruled.

We have carefully examined all of appellant's assignments of error, and, with the exception stated, none of them, in our opinion, points out reversible error. For the error indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.