## LYNCH DAVIDSON & CO. v. BEASLEY et al.

### No. 3459.

Court of Civil Appeals of Texas. Beaumont.

May 15, 1939.

Rehearing Denied May 24, 1939.

V. A. Collins, of Livingston, for appellant.

F. Campbell and Manry & Cochran, all of Livingston, for appellees.

WALKER, Chief Justice.

This was an action of trespass to try title by appellant, Lynch Davidson & Company, the record owner, against appellee Margaret Beasley, for the title and possession of the S. Crisman league of land in Polk County. Appellee answered by plea of the statute of limitation of ten years, Rev.St.1925, art. 5510, claiming an undivided interest of 160 acres; she disclaimed all interest in the league except a specific 160 acres which she claimed on allegations of equitable partition. On the verdict of the jury she was awarded judgment for the land described in her answer, and appellant was awarded judgment for the balance of the league. From the judgment appellant has duly prosecuted its appeal to this court.

Appellant held the record title under the Sam Allen Lumber Company, which company, holding the record title, was in possession of the league in 1888. The title of the Lumber Company passed to South Texas National Bank in 1901, and was transferred by the bank to appellant on the 17th day of December, 1903. Sam Allen Lumber Company and those holding under it, including appellant, were in actual possession of the entire league of land from 1888 until 1917, except such portions of the land as may have been in the actual possession of an adverse claimant. Appellant made a re-entry in the nature of actual possession, claim, use, and occupancy, in 1932, and maintained that possession, occupancy, and use of the entire league, except such portions thereof as may have been in the actual possession of an adverse claimant, until this suit was filed.

The following are the facts of appellee's limitation claim: Appellee Margaret Beasley was the daughter of Randall and Annie Beasley, negroes, who moved into a house on the league of land in 1891. Randall and his wife, Annie Beasley, lived continuously in that house from 1891 until his death in 1918. During that time appellee Margaret Beasley made her home with her father and mother, and spent a great deal of her time with them. Randall rendered for taxes and paid the taxes on 50 acres of the S. Crisman survey for the year 1917. After his death, Annie continued living in the same house until her death in 1923, rendering and paying taxes, each year, on 50 acres of the league of land. During that time appellee made her home with her mother. After the death of Annie, appellee continued the possession of her father and mother continuously up to the time this suit was filed, and rendered for taxes 50 acres of the S. Crisman league, and paid the taxes thereon each and every year up to and including 1932. The jury found the following facts: (a) Randall Beasley was not the tenant of Sam Allen or Sam Allen Lumber Company on the S. Crisman league. (b) Randall Beasley did not become the tenant of the South Texas National Bank of Houston after entering on the S. Crisman league. (c) Prior to December 31, 1921, but during the year 1921, B. Garvey, appellant's agent and representative, went to the home of Annie and Margaret Beasley on the S. Crisman league, being the home occupied by them as stated above, and made an effort to have them execute a tenancy agreement to the effect that they were on the land as tenants of appellant, and were holding the land as appellant's tenants. (d) Annie Beasley refused to execute the tenancy agreement presented to her by B. Garvey and, in refusing to execute the agreement, informed him that she was asserting a claim of ownership to the land on which she was living. (e) The jury gave an affirmative answer to the following question, and found that she was claiming 160 acres of land: "Do you find from a preponderance of the evidence that prior to the visit of B. Garvey to Annie Beasley's house, if you have found he did so visit her, and continuously thereafter to the date of her death, Annie Beasley while occupying a portion of the S. Crisman League and using, cultivating or enjoying the same, asserted an adverse hostile claim of right to any portion thereof." (f) The jury gave an affirmative answer to the following question and found that she was claiming 160 acres of land: "Do you find from a preponderance of the evidence that Margaret Beasley, from and after the death of her mother, Annie Beasley, while residing on the place occupied by her mother on the S. Crisman League in Polk County, Texas, held any portion of said land under an adverse, hostile claim of right?"

## Opinion.

On the verdict of the jury, finding that Randall Beasley was not the tenant of Sam Allen nor of the Lumber Company, the judgment of the lower court does not have support in the evidence. Under the evidence, Randall was not on the land as a mere squatter without claim; he held

either as a limitation claimant or as a tenant, and the jury resolved the issue in favor of the limitation claim. The possession, use, and occupancy by the record owner of the S. Crisman league from 1888 to 1917 restricted Randall's claim, as a limitation claimant, to his actual enclosures; and this, notwithstanding he was claiming 160 acres. "If the real owner is on any part of the land, his constructive seizin extends to all the land not in fact occupied by the other." Evitts v. Roth, 61 Tex. 81. Therefore, at the end of ten years, he perfected title only to his actual enclosures, held adversely to Sam Allen and the Lumber Company.

■ Between 1901 and 1903 Randall Beasley extended his enclosures so as to include an additional 15 or 20 acres, claiming all the time 160 acres. However, the possession, use, and occupancy of the balance of the league by the record owner, which was continuous from 1888 to 1917, restricted Randall's possession to his actual enclosures, as enlarged. Evitts v. Roth, supra. At the end of ten years, from the time he enlarged his enclosures, he perfected title by limitation to the additional land enclosed by him. So, by 1917, though Randall claimed 160 acres, he had perfected title by limitation only to the land actually held by him in his enclosures.

Article No. 5513, Rev.St., provides: "Whenever an action for the recovery of real estate is barred by any provision of this title, the person having such peaceable and adverse possession shall be held to have full title, precluding all claims."

Under this article the title acquired by Randall Beasley to the land held by him under his enclosures was in fee simple as if conveyed to him by deed in writing by the record owner. Had the land within the enclosures been conveyed by deed to Randall Beasley, no one would assert that appellee, holding only his enclosures, acquired a limitation title to the balance of the 160 acres awarded her, on the affirmative showing of the record that she had no possession whatever of any land outside of the enclosures. This follows because there was no extension of the enclosures subsequent to 1903; there was no constructive possession beyond the enclosures to support the limitation claim to the balance of the 160 acres.

The finding of the jury on the issue of the claim of Annie and Margaret Beasley cannot support the judgment because, under all the evidence, they had no possessions beyond their enclosures, which they held in fee simple title under the limitation claim of Randall Beasley, perfected by him into a fee simple title.

■ The land awarded and held by appellee under her father's limitation claim is not described in her answer. For the reasons stated in Powell Lumber Company v. Medley, Tex.Civ.App., 127 S.W.2d 520, the judgment of the lower court must be reversed and the cause remanded.

Since the judgment must be reversed and the cause remanded for a new trial for the reasons stated above, we do not set out the argument of appellee's counsel complained of by appellant's brief. It is sufficient to say of this argument that, in our judgment, it constituted reversible error.

On another trial the following points will be in the case:

■ (1) The Court did not err in receiving evidence to the effect that Sam Allen, in his lifetime, made an oral sale to Randall Beasley of 160 acres of land; that evidence was admissible to show "claim." Keith v. Keith, 39 Tex.Civ.App. 363, 87 S.W. 384.

■ (2) A tenant can repudiate his tenancy and, without surrendering possession, hold adversely to his landlord. Davis v. Lund, Tex.Com.App., 41 S.W.2d 57. Had Randall held as a tenant of Sam Allen or the Lumber Company, then appellant, holding the Allen title, would not have been under the burden of establishing a record title, but appellee would have rested under the burden of establishing repudiation of the tenancy and an adverse holding, within the rule announced by the Supreme Court in the Lund case, supra. But, of course, if there was no privity on the part of Randall with the record owner—that is if Randall was not a tenant—then appellant rested under the burden, which it discharged, of establishing a record title.

■ (3) The fact that Randall, in the last year of his life, and his widow and daughter in the succeeding years, rendered and paid taxes on only 50 acres of the Crisman league did not, as a matter of law, limit the Randall claim to 50 acres; that fact was merely evidentiary on the issue of the extent of Randall's claim. Manning v. Standard Oil Co. of Kansas, Tex.Civ. App., 67 S.W.2d 919; White v. Eavenson, 46 Tex.Civ.App. 158, 101 S.W. 1029.

Reversed and remanded for a new trial on such issues as may be developed by the pleadings and the evidence.

Reversed and remanded.