BEAUMONT CITY LINES, Inc., v. MAHONEY et ux.

No. 3707.

Court of Civil Appeals of Texas. Beaumont.

Oct. 17, 1940.

Rehearing Denied Oct. 23, 1940.

Chas. S. Pipkin, of Beaumont, for appellant.

J. A. Veillon and D. F. Sanders, both of Beaumont,. for appellees.

O'QUINN, Justice. ·

Appellees, W. P. Mahoney and wife, Devena Mahoney, brought this suit against appellant, ·Beaumont City Lines, Inc., to recover damages alleged to have been received by Devena Mahoney while attempting to alight from a bus operated by appellant; said damages alleged to have been caused by certain negligent acts of appellant.

Appellant answered by general demurrer, general denial, various special denials, and specially that the alleged physical condition of plaintiff Devena Mahoney was the result òf disease and not of any injury received by her on the occasion alleged. Appellant also answered that the injuries received by her on the occasion alleged were caused by her own negligent acts. On exception of appellees, appellant's plea of contributory negligence was stricken from its answer.

The case wàs tried to a jury upon special issues all of which were answered in favor of appellees, and judgment entered in their favor in the sum of $1,000. Motion for a new trial was overruled, and the case is before us on appeal.

On May 3, 1939, appellant owned and operated a number of passenger busses for the use of the public. On that day Devena Mahoney boarded a bus on Avenue C at Euclid street. She was to change busses at Park and Royal Streets. She paid the required fare. When the bus reached the point where she wished to change busses, she gave the signal and the bus stopped for her to get off. She was carrying a bundle of clothes which she had washed and was going to deliver. When the bus stopped she attempted to get off at the rear end, that being the place for colored passengers to alight. According to her testimony she had put one foot down on the paved street and had the other foot on the step of the bus when the driver started the bus forward and she fell on the curb of the pavement. She testified that she did not have time to get off before the bus started to move. She got off holding to the rod with one hand facing the bus—that is, she was getting off backwards, her face to the bus. The injuries alleged resulted from her fall so she testified. The acts of negligence al-

leged were: (a) Starting the bus while she was still on the bus step without giving her time to get off; (b) failure on the part of the driver of the bus to keep a proper lookout to discover that she was still on the step of the bus before starting same; (c) starting the bus suddenly without giving her any warning or signal that he was going to start the bus moving. These were submitted to the jury and were answered in favor of appellees.

Special issue No. 10, as given by the court to the jury, read:

"What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would reasonably compensate the plaintiffs for the damages, if any, sustained because of the injury, if any, the plaintiff Devena Mahoney, sustained proximately caused by the negligence, if any, of the driver of the defendant's bus.

"In considering the above special issue No. 10, you may take into consideration the pain and suffering, if any, she has suffered in the past, and the pain and suffering, if any, she will suffer in the future; the loss of earnings, if any, she has lost since the injury, if any, to the present time; and the decrease, if any, in her earning capacity in the future, but you will not consider any other ailments, if any."

■■ Appellant objected to this issue because "same is too general and permits the jury to speculate and take into consideration other injuries and damages, diseases and physical conditions not covered by the pleadings or evidence." In other words, the effect of the objection was that the issue was too broad and permitted the jury to consider damages not plead. Plaintiff Devena Mahoney testified that she could not perform her household duties after the injury as well as she could before the injury; that her girls (she had three grown daughters) had to help her; that they did the "heaviest work." She testified that before the accident she did washings for four or five other individuals and that she could not do so now; that she could not perform her household duties as well as she did before the injury. The prayer for relief was "that they have judgment over and against the defendant for their damages," etc. Her loss of capacity to do her household work was a loss and damage to her husband W. P. Mahoney, her co-plaintiff, as well as to herself. There was no allegation in their petition of any loss or damage caused by lack of capacity to do such work. The is-

sue inquired what amount of money if paid to *plaintiffs* would reasonably compensate *them* for the damages suffered. We think it reasonably certain that the jury, in estimating what amount of money "would reasonably compensate the plaintiffs" for damage proximately caused by the injury, considered the loss to W. P. Mahoney, the husband, of ability on the part of his wife, Devena Mahoney, to perform her household duties. There being no pleadings to support this loss or damage, if suffered, it could not be considered by the jury. The evidence of Devena Mahoney being produced on this phase of the case, and not warranted to be considered by the charge, and not excluded by the charge from consideration, it is reasonable to conclude that same was considered by the jury in making their estimate of the damages found. We think the assignment must be sustained. Texas & N. O. Railway v. Crow, 121 Tex. 346, 48 S.W.2d 1106 (paragraph 5 of opinion).

Other assignments against the charge of the court are presented but none of them are thought to show error.

For the error discussed, the judgment is reversed and the cause remanded for another trial.