**BEAUMONT CITY LINES, Inc. v. WILLIAMS.**

No. 4546.

Court of Civil Appeals of Texas. Beaumont.
Dec. 30, 1948.

Motion for Rehearing Denied March 16, 1949.

Second Motion for Rehearing Granted
May 11, 1949.

Further Motion for Rehearing Denied
June 15, 1949.

Orgain, Bell & Tucker, Beaumont, for appellant.

Adams & Browne, Beaumont, for appellee.

COE, Chief Justice.

Clifton Williams, appellee, instituted this suit, seeking to recover damages from appellant, Beaumont City Lines, Inc., alleging that his wife, Sophie Williams, entered a bus operated by appellant and paid her fare and had turned to leave the bus for the purpose of re-entering it from the rear; that the driver failed to keep the bus stationary and was thus negligent, causing the injuries complained of. The appellant, Beaumont City Lines, Inc., answered by general denial and special pleas of contributory negligence and unavoidable accident. The case was submitted to the jury on special issues. Based upon the jury's answers to such issues the court entered judgment in favor of appellee and against appellant for the sum of $6,500. Appellant's amended motion for a new trial having been overruled this appeal was perfected.

The view we take of the record as presented eliminates the necessity of setting out in full the pleadings of appellee and, as we believe improper to go into an extensive discussion of the evidence.

Appellant's Point of Error No. 1 is as follows:

"The error of the court in submitting to the jury over appellant's objection Special Issue No. 6 and the instructions in connection with such issue, which authorized the jury to award damages for Sophie Williams' diminished capacity to perform household duties, which had not been plead."

The material part of Special Issue No. 6 which was submitted by the trial court over appellant's objection with the court's instructions following such issue is as follows:

"What do you find from a preponderance of the evidence to be the sum of money, if any, if paid now in cash, would fairly and reasonably compensate the plaintiff for the loss if any, proximately caused (if you have so found) by the negligence, if any, of the defendant on the occasion in question?

"Answer by stating the amount, if any, in dollars and cents.

"In arriving at the amount of money, if any, as above inquired about, you may take into consideration such, if any, of the following items in Paragraphs (A) and (B), inclusive, as have been established by a preponderance of the evidence to have been proximately caused plaintiff (if you so find) by the negligence, if any, of the defendant on the occasion in question, to-wit:

"(A) Such loss of earnings, if any, of Sophie Williams since the date of said injuries, if any, to the date of this trial proximately caused (if you have so found) by the negligence, if any, of the defendant as shown by a preponderance of the evidence; and the present cash value, if any, of Sophie Williams' diminished capacity, if any, to earn money in the future and to perform her household duties, which she will reasonably and probably experience (if you so find) proximately caused (if you so find) by the negligence, if any, of the defendant on the occasion in question, as shown by a preponderance of the evidence."

To the giving of this issue and the instructions following same, the appellant timely made the following objection:

"Defendant objects to Special Issue No. 6 of the court's charge and to the court's

instruction under paragraph (a) beginning with the term 'such loss of earnings' and ending with the term 'as shown by a preponderance of the evidence', because:

"(c) Such instruction is erroneous in that it allows, the jury to consider the present cash value of Sophie Williams' diminished capacity to perform her household duties when there is no pleading as to such."

Appellant's Point of Error No. 2, which we will discuss in connection with Point of Error No. 1 is as follows: ."There being no pleading of any element of damage by reason of loss of earnings of Sophie Williams, plaintiff's wife, the court committed error to the defendant's prejudice in instructing the jury that loss of earnings might be considered in determining the amount of damage and in overruling and refusing to sustain defendant's objection on the ground that there was no pleading to justify the jury's consideration of such element of damage."

Appellant's objection to this phase of the instructions following Special Issue No. 6 is as follows:

"Defendant objects to Special Issue No. 6 of the court's charge and to the court's instruction under paragraph (a) beginning with the term 'such loss of earnings' and ending with the term 'as shown by a preponderance of the evidence', because: '

"(a) Such instruction erroneously allows the jury to consider loss of earnings when there is no pleading of any element of damage by reason of loss of earnings;

"(e) Plaintiff having wholly failed to plead any loss of earnings, said instruction erroneously allows the jury to award damages for loss of earnings."

We are convinced that these Points of Error must be sustained. The allegations of appellee's petition as to the injuries received by his wife on the occasion in question and the resulting damages therefrom are that he was married to Sophie Williams; that she got on the bus of appellant Beaumont City Lines, Inc., paid her fare and turned to leave the bus for the purpose of re-entering it from the rear and that as his wife started to step down the steps the bus started forward and

"threw this plaintiff's wife off of said bus backwards onto the pavement and injured this plaintiff's wife's back and ribs on the right side and her right arm and hand and the fingers thereof, and injured her left arm and elbow and her right hip and her right shoulder, causing this plaintiff loss of capacity and ability to work, all in this plaintiff's damage in the sum of $15,000."

"Plaintiff would further show the court that said injuries to this plaintiff's body aforesaid and said accident injured and damaged and bruised the nerves, ligaments and tendons in plaintiff's body and portions thereof as above mentioned, and caused and produced in this plaintiff great and excruciating pain and suffering since said accident, and said pain and suffering will continue indefinitely in the future, all directly and proximately caused by defendant's negligence as hereinafter alleged all in the sum of $5,000."

There was testimony showing that prior to the accident Sophie Williams looked after the house, performed household duties and was unable to perform such work thereafter. There was no allegation in the petition as to whether or not his wife was working at the time of the accident or what her duties were or earnings were, nor was it alleged that she performed household work before the accident and was unable to do so thereafter. The only allegation being that the injuries had caused this plaintiff loss of capacity and ability to work to his damage in the sum of $15,000. It seems to be the settled law of this State that the jury may only be instructed to consider such items of damage as are alleged or such that would necessarily follow as a result of the injuries alleged. The allegation that plaintiff's wife had lost her capacity and ability to work is not tantamount to an allegation that plaintiff's wife had lost her ability to perform any particular character of work. It not having been alleged that appellee's wife had been doing household work, and because of her injuries was no longer able to do so, the trial court was not authorized to instruct the jury that in arriving at the amount of money that would fairly and reasonably compensate the appellee for his loss to take into consideration the

present cash value of Sophie Williams diminished capacity to perform her household duties. The same is true as applied to the instruction of the court to the jury that in arriving at the amount of damages to be awarded appellee that they may take into consideration such loss of earnings, if any, of Sophie Williams since the date of said injuries to the date of this trial. There was testimony that prior to the accident that appellee's wife did washing and ironing and household work for other people and customarily earned from such work from $15 to $18 per week; that since such accident she had been unable to follow such line of work. It could hardly be said that an allegation that a party had lost their earning capacity and ability to work is tantamount to an allegation that they had suffered any loss in earnings. A party might have almost unlimited earning capacity without earning anything of value. It is common knowledge that many people with unusual earning capacity, especially married women, are never gainfully employed and have no income from their earnings from any source. The matter of earning capacity and earnings are altogether two different things, and a party may not sue for the loss of one and recover for the loss of the other. The appellee having plead generally the loss of capacity and ability to work, it was error upon the trial court to instruct the jury that they may consider the loss of the ability to perform any particular kind of work and to further instruct the jury that they may take into consideration any loss of earnings suffered. See Beaumont City Lines, Inc. v. Mahoney, Tex.Civ.App., 143 S.W.2d 982; Texas Cities Gas Co. v. Ellis, Tex.Civ.App., 63 S.W.2d 717; Fort Worth & D. C. R. Co. v. Morrison, 61 Tex.Civ.App. 590, 129 S.W. 1157; Marshall & E. T. R. Co. v. Waldrop, Tex.Civ.App., 141 S.W. 315; Texas & Pacific Railway Co. v. Buckalew, Tex.Civ. App., 34 S.W. 165; Panhandle & S. F. R. Co. v. Reed, Tex.Civ.App., 273 S.W. 611.

Appellant's third Point of Error is to the effect that the trial court erred in overruling appellant's objection to Special Issue No. 3 as being on the weight of the evidence. Special Issue No. 3 as submitted by the court is as follows: "Do you find from a preponderance of the evidence that the defendant's, Beaumont City Lines, Inc., bus started up while Sophie Williams was in the act of alighting from said bus?"

Appellant's objections to such issue, as is pertinent here, are as follows:

"The defendant objects to Special Issue No. 3 of the court's charge because:

"(c) Said issue is on the weight of the evidence in that it assumes that the bus made some movement of some kind or character on the occasion in question.

"(g) Said issue is on the weight of the evidence in that it assumes that any movement on the occasion in question would be a breach of defendant's duty.

"(i) Said issue is on the weight of the evidence in that the same assumes that whatever movement of the bus, if any took place, occurred while Sophie Williams was endeavoring to alight from the bus."

Defendant further objected to such issue as follows:

Defendant objects to Special Issue No. 3 as rewritten for the following reasons:

"(b) Said issue is duplicitous in that it submits more than one disputed issue of fact, to-wit, (1) whether the bus started up (2) whether it started up while Sophie Williams was in the act of alighting from the bus.

"(e) The issue is on the weight of the evidence in that it assumes that the bus driver knew or could have known that Sophie Williams was going to attempt to alight from the bus at the time and place in question, which is a disputed issue of fact herein."

■■ One of the grounds of negligence alleged in appellee's petition was that the appellant was negligent in failing to keep the bus stationary. Appellant, by its points in argument, contends that the trial court, in submitting Special Issue No. 3, assumed as true the main material disputed issue in the trial of the case, that is, that the bus did move, and cite as authority supporting such contention, Beaumont City Lines, Inc. v. Humphrey, Tex.Civ. App., 149 S.W.2d 256; Johnson v. Zurich General Accident & Liability Ins. Co., Limited, 146 Tex. 232, 205 S.W.2d 353 and

Gordon v. McIntosh, Tex.Civ.App., 54 S.W.2d 177. We find ourselves unable to agree with appellant in this contention. As we construe Special Issue No. 3 as submitted by the court, the fact presumed to be true is that Sophie Williams alighted from said bus. This construction we feel finds support in the opinion of the Supreme Court in Johnson v. Zurich General Accident & Liability Ins. Co., supra. This being true the objection made by appellant has no application. However, we are convinced that it was so conclusively shown that appellee's wife was undertaking to get off the bus on the occasion in question that the trial court was authorized in assuming that fact to be true. It is true that the question of whether the bus moved at the time and on the occasion in question was a highly controverted issue of fact. The evidence was such as would have authorized the jury to either find the bus did or did not move at the time inquired about, but there was no controversy as to whether appellee's wife undertook to alight from the bus.

Appellant, by its Point of Error No. 4, complains of the action of the trial court in submitting to the jury Special Issue No. 3 on the ground that it was not supported by the pleadings. It will be noted that appellee alleged that one of the grounds of negligence was the failure of the appellant to keep said bus stationary at the time and occasion in question, while the issue asked whether the bus started up while Sophie Williams was in the act of alighting from said bus. This point is overruled. While it is true that the pleading only charged appellant with an omission and the issue submitted inquired as to an affirmative act, that is, the starting up of the bus, we do not feel that such error, if any, resulted in harm to appellant. In submitting the issue as it was the court placed upon appellee a greater burden with reference to the movement of the bus than the pleading justified. While the rule is that issues should be formulated from the pleadings and the evidence, a minor departure therefrom that does not have any harmful effect upon the complaining party should not cause a reversal of the case. We think the case of Erisman v. Thompson, 140 Tex. 361, 167 S.W.2d 731, relied upon by appellant to support its contention, is not authority for sustaining this point.

We have considered the remaining Points of Error contained in appellant's brief and have decided that they present no reversible error or if so that they will not likely occur in another trial of this case. For the errors above pointed out, this case is reversed and remanded.

Reversed and remanded.

## On Motion for Rehearing.

In considering appellant's motion for rehearing we have become convinced that we were in error in sustaining appellant's Point No. 1, and in holding that the trial court was not authorized to instruct the jury that in arriving at the amount of money that would fairly and reasonably compensate the appellee for his loss, to take into consideration the present cash value of Sophie Williams' diminished capacity to perform her household duties. In making this holding we followed an opinion by this Court in the case of Beaumont City Lines, Inc. v. Mahoney, et ux., reported in 143 S.W.2d 982. After further consideration of the Point we are convinced that where a man sues for damages as a result of injuries to his wife and alleges that because of such injuries his wife has lost her capacity and ability to work without any allegation that she was engaged in or capable of following any particular kind of work by which she was able or did earn compensation, it is reasonably inferred that the damages sought resulted from the incapacity of his wife to do and perform her household duties and is recoverable as general damages.

In Missouri, K. & T. R. Co. v. Vance, Tex.Civ.App., 41 S.W. 167, 170, in the course of the opinion, the court says: "If the injuries sustained by the wife are such a character as naturally or necessarily implies a destruction or diminution of her physical and mental qualities, the time and services lost as the result of such condition would be recoverable as general damages, and the amount thereof need not be specially alleged, as it could be ascertained under the general averment."

See, also, Fort Worth & R. H. St. R. Co. v. Hawes, 48 Tex.Civ.App. 487, 107 S.W. 556. The rule announced in the case last above cited as not in accord with the opinion of this Court in the case of Beaumont City Lines, Inc. v. Mahoney, et ux., supra, however we are convinced that they announced the proper rule. Being of the opinion that we were in error in sustaining appellant's Point No. 1, our original opinion stands corrected in that respect and appellant's Point No. 1 is overruled. Otherwise, we adhere to our original opinion and to that extent appellant's motion for rehearing is overruled.

### On Appellee's Second Motion for Rehearing.

 Appellee has filed his second motion for rehearing in which he still contends that this court should affirm the judgment of the trial court, and in the alternative he offers to remit the full amount that the jury could have awarded him as damages for the loss of earnings of Sophie Williams from the date of the injury suffered by her to the date of the trial of this cause in the trial court. Appellee insists that since we have remanded this cause on the sole point that the trial court erred in instructing the jury that in arriving at the amount of damages, if any, to be awarded to the plaintiff, that they may take into consideration the loss of earnings, if any, of Sophie Williams since the date of said injury, if any, to the date of the trial; that we should reform the judgment by reducing same by the full amount that the jury could have awarded appellee for the loss of earnings of his wife and affirm the judgment of the trial court as reformed. We have concluded that such a reformation of the judgment will eliminate the error for which we reversed and remanded this cause. We feel that the amount of such damages can be ascertained with that reasonable degree of certainty which would justify permitting the appellee to file his remittitur. See Houston Chronicle Publishing Co., v. Wegner, Tex.Civ.App., 182 S.W. 45; Houston Ice & Brewing Association v. Armour & Co., Tex.Civ.App., 253 S.W. 635; Texas & N. O. R. Co., v. Carr, 91 Tex. 332, 43 S.W.

18. The only evidence in the record with reference to the loss of earnings of Sophie Williams is in effect that she had been earning from $15 to $18 per week at the time of her injury as set out in our original opinion. The evidence further shows that Sophie Williams' injury was received on December 24, 1946, and the date of the trial was November 24, 1947; therefore the most that the jury would have been authorized to award the plaintiff for lost earnings of Sophie Willliams was $18 per week for 48 weeks, totaling the sum of $864, which amount appellee tenders as remittitur.

Since the appellee has tendered a remittitur thereby curing the only error upon which a reversal and remand of this cause was predicated, we have re-examined the several points advanced by appellant for a reversal of this cause, and being of the opinion that none of such points present such error as require a reversal, the judgment of the trial court is reformed by deducting from the amount of damages awarded to appellee the sum of $864 and as thus reformed it is affirmed.