**ALLRIGHT, INC., Appellant,**

v.

**John P. LOWE, Jr., Appellee.**

**No. 847.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Sept. 26, 1973.

George M. Bishop, W. Timothy Lewis, Tipton & Bishop, Houston, for appellant.

Eliot P. Tucker, Mandell & Wright, Houston, for appellee.

CURTISS BROWN, Justice.

This is a bailment case.

Appellee John P. Lowe, Jr. (Lowe) recovered on a negligence theory for damages done to his automobile following its theft from a parking lot operated by appellant Allright, Inc. (Allright). Allright has duly perfected this appeal.

Lowe's wife drove the car to Allright's lot on the morning of July 6th, 1970. In accordance with the attendant's instructions she left her keys in the car, and, after receiving a claim check, she left the lot. During the day the car was stolen. It was recovered by the Houston Police Department in a damaged condition. Appellee sought recovery for the damages to his car and for compensation for loss of use.

■ Appellant contends that the trial court erred in submitting special issues numbers 1 and 2 over objections that they were global in nature. Issue number 1 inquired whether Allright "allowed" an unauthorized third person to remove appellee's car from the parking lot without first receiving a claim check from that person. Issue number 2 was a proximate cause issue. We overrule Allright's contention. While it would have been more appropriate for the court to submit the special issues requested by appellee dealing with certain other specific allegations of negligence, the issue submitted was not improper. The evidence on the issue was undisputed other than that appellant "allowed" the car's removal.

■ In its third point appellant contends that there was no evidence to support the submission of issue number 1. We cannot agree. The evidence raised issues as to the diligence of the employee on the lot in preventing the car from being removed, with respect to his lookout for thieves, etc. In addition there was conflicting testimony as to the practice of removing keys from cars' ignitions, of the number of entrances and exits to the lot, the number of attendants, and as to the number and adequacy of barriers around the lot.

■ Appellant's contention in its fourth point, that issue number 1 is multifarious, is also overruled. The only disputed fact in issue number 1 is whether the appellant "allowed" the car to be removed. Whatever other faults may be found in phrasing this issue, it is not multifarious. Only uncontroverted facts were assumed; therefore, there is no error. Beaumont City Lines, Inc. v. Williams, 221 S.W.2d 560, 563–564 (Tex.Civ.App.-Beaumont 1949, writ ref'd n. r. e.).

■ In its fifth point appellant contends that there was no evidence of reasonable cost to support the submission of issue number 4 which asked the jury to determine the reasonable cost of repairs, replacement parts, towing, and storage to recover and restore appellee's car. We sustain this point. The reasonable cost of repairs to an automobile damaged through negligence is a proper measure of damage. Dallas Railway & Terminal Co. v. Strickland Transportation Co., 225 S.W.2d 901, 903 (Tex.Civ.App.-Amarillo 1949, no writ). Further, receipted bills are admissible to show what the injured party actually paid for repairs. Galveston-Houston Electric Ry. Co. v. English, 178 S.W. 666, 667 (Tex. Civ.App.-Galveston 1915, no writ). Such

bills are not sufficient, however, to show that the amounts paid were reasonable, and, in the absence of other proof of reasonableness, the jury had no evidence on which to make its decision. Galveston-Houston Electric Ry. Co. v. English, supra at 667, 668. Tinney v. Williams, 144 S.W. 2d 344, 346 (Tex.Civ.App.-Amarillo 1940, no writ). The only evidence of damages in the record is the testimony of appellee as to the amounts he actually paid and the copies of the bills he received. A different result would be reached had appellee attempted, and the trial court permitted him, to state his opinion that the charges were reasonable. McMahan v. Musgrave, 229 S.W.2d 894, 897–898 (Tex.Civ.App.-East-land 1950, writ dism'd). Appellee did not attempt to state such opinion.

Appellant's eighth point of error contends there was no evidence of reasonable time to support submission of issue number 5. We overrule this point. Appellant argues a different contention in his brief on this point, i. e. whether appellee can recover for loss of use at all. Under the Texas authorities the loss of use of a pleasure vehicle during the time reasonably necessary to effect its repair is a proper element of damages when the cost of repairs is claimed, rather than the difference in market value before and after the collision. Chicago, R. I. & G. Ry. Co. v. Zumwalt, 239 S.W. 912, 915 (Tex.Comm'n App. 1922, judgmt adopted); Annot., 18 A.L.R. 3d 497, 508 (1968). In response to the stated point of error, there was testimony by Mr. Lowe that fourteen dollars per day was a reasonable rental value for a car at the time his was repaired. This is a proper measure of loss of use. Webb-North Motor Co. v. Ross, 42 S.W.2d 1086, 1088 (Tex.Civ.App.-Austin 1931, writ dism'd). The jury's finding of eighty-four dollars for loss of use indicates a conclusion that appellee was deprived of the car for six days. Under the circumstances of this case and the short time involved, we cannot say this was unreasonable.

We sustain appellant's eighth point of error; the others are overruled. Since there is evidence of negligence in the record, we reverse and remand for a new trial.