Gordon A. **HYATT** et al., Appellants,

v.

Sterling F. **TATE** et ux., Appellees.

No. 16255.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Jan. 31, 1974.

Richard Reid, Houston, for appellants.

McLeod, Alexander, Powel & Apffel, Mark S. Richards, Galveston, for appellees.

PEDEN, Justice.

Appellants sued the appellees for damages resulting from an automobile collision. Twenty special issues were submitted to the jury. It made findings favorable to the plaintiffs-appellants on all the liability issues and on Special Issue No. 19, which asked the reasonable cost of repairs to the automobile of the plaintiff. The jury finding was $476.69.

Appellees filed a motion to disregard the jury's answer to this issue, contending that there was no evidence that $476.69 was the reasonable cost of the repairs. The trial court granted the motion and rendered judgment that the appellants take nothing.

Appellants' only point of error is: "The trial court erred in holding that there was no evidence to support appellants' special issue on damages, and, therefore, erred in disregarding the jury finding and granting judgment for appellee."

Mr. Preston Barton, appellants' witness, testified on direct examination that 1) he is the body shop foreman for Bill Brown Chevrolet in Galveston; 2) he estimates damages to automobiles; 3) his estimate of damages to appellants' automobile was $476.69 as evidenced by his testimony and a written estimate introduced into evidence; and 4) all repairs listed by him were necessary to put the car in proper condition. He was not questioned whether $476.69 was a reasonable charge for the repairs.

He testified on cross-examination that he uses the flat-rate manual when estimating and that Bill Brown Chevrolet would be willing to repair appellants' automobile for $476.69 if it was brought to the shop on the date of trial.

Mr. Charles E. Stephens, appellees' witness, testified he was an appraiser for the M. H. Jones Claim Service. He concluded his testimony on cross-examination by agreeing that the actual cost of repairs is sometimes greater than the estimated cost.

The thrust of appellants' argument is that the testimony and the written estimate of the cost of repairs, together with reasonable inferences which may be drawn from this evidence, were sufficient evidence that $476.69 was the reasonable cost of repairs and supported the jury's finding to Special Issue No. 19.

Appellees contend there was no evidence before the jury to enable it to do anything more than speculate whether the cost of repairs estimated by appellants' witness was reasonable.

■ We agree with appellees' contention. Proof of the amounts charged or paid does not raise an issue of reasonableness, and recovery of these expenses will be denied in the absence of evidence showing that the charges are reasonable. Dallas Railway & Terminal Company v. Gossett, 156 Tex. 252, 294 S.W.2d 377 (1956).

In Tinney v. Williams, 144 S.W.2d 344 (Tex.Civ.App.—Amarillo 1940, no writ), appellants contended that there was no evidence of the reasonableness of the charges made for repairing appellees' automobile. The court sustained appellants' point of error, stating:

"   .   .   .   It is permissible for a plaintiff to recover the reasonable expenses incurred by him in having his property restored to its former condition where it is properly pleaded, but defendants in such cases are not liable for the amount paid out by the plaintiff nor for

the amount agreed to be paid by him because the defendant was not a party to such agreement. The rule is, therefore, that it must be shown by both pleading and evidence that the amount so paid out was reasonable and the injured party is permitted to recover only such an amount as would be reasonably incurred in repairing his property and restoring it to its former condition." (citing cases).

Similarly, in a personal injury case, the Texas Supreme Court held, in Dallas Railway & Terminal Co. v. Gossett, 294 S.W. 2d 377 at p. 382 (1956):

"While information regarding the nature of the injuries might be of some assistance to the jury in certain cases in determining the need for treatment, we fail to see its materiality on the question of whether the amounts charged for the treatment are reasonable. And the fact that treatment is necessary is not proof, or a circumstance tending to prove, the reasonableness of the charges made therefor."

■ Although the evidence in our case fails to support the jury's finding that $476.69 was the reasonable cost of repairing the plaintiffs' car, the repair estimate and the witness Barton's testimony show that many parts of the body of the 1969 Chevrolet Camaro had to be replaced.

This court held in Arnold v. Tarrant Beverage Co., 215 S.W.2d 894 (Tex.Civ. App.1948, writ ref. n. r. e.), over appellees' contention in their motion for directed verdict that the evidence was insufficient to support a judgment for damages for lost profits:

"Even if their contention be sound, and we may say that we have tentatively concluded that it is sound, it does not follow that appellants were not entitled to recover a judgment for nominal damages for violation by appellees of appellants' contract rights (citing authority).

In response to the motion, the trial court should have rendered judgment awarding appellants nominal damages, and awarding costs against appellees. We have been in doubt as to whether we should apply the rule to render the judgment here that the trial court should have rendered, or whether we should reverse and remand the cause for a new trial. . . . The authorities which we have examined show that the appellate court reversed and remanded the cause, without further comment, and did not discuss the propriety of the appellate court reversing the judgment of the trial court and rendering judgment for the appellants for nominal damages and costs."

We reversed the judgment of the trial court and remanded the cause. See also Hutchinson v. Texas Aluminum Company, 330 S.W.2d 895 (Tex.Civ.App.—Dallas 1960, writ ref. n. r. e.).

■ Nominal damages, at least, may be recovered where a cause of action for a legal wrong is established but the evidence fails to show the extent of the damage sustained. This rule has been applied in tort cases. 25 C.J.S. Damages, §§ 9, 12, pp. 638, 640, 643.

We hold that the plaintiffs should have been awarded at least nominal damages. Our Supreme Court stated in London Terrace v. McAlister, 142 Tex. 608, 180 S.W. 2d 619 (1944):

"Our appellate courts exercise a genuine discretion in remanding cases after reversal. . . There is no substantial difference in the meaning of the two rules, because the phrase 'when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain', employed in Rule 434, means the same as the language 'if it shall appear that the justice of the court demands another trial', used in Rule 505."

See also Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792 (1951).

Considering the record as a whole, we have concluded that justice will best be served by a remand for a new trial.

Reversed and remanded.