The TRUCK FARM, INC., Oscar A. Thomas and James Thomas, Appellants,

v.

Ray ALLEN, Appellee.

No. 20384.

Court of Civil Appeals of Texas, Dallas.

Oct. 24, 1980.

Thomas K. Boone, Dalton, Moore, Forde, Joiner & Stollenwerck, Dallas, for appellants.

James A. Rupard, Garland, for appellee.

Before AKIN, CARVER and STOREY, JJ.

STOREY, Justice.

Ray Allen sued the Truck Farm, Inc., Oscar A. Thomas and James Thomas, under the Texas Deceptive Trade Practices Act, Tex.Bus. & Com. Code §§ 17.42–17.63 (Vernon Supp.1980) for damages arising out of alleged misrepresentations made in connection with his purchase of a used diesel tractor. Upon trial, the jury found that defendants represented the tractor engine to be in good condition at the time of sale when in fact it was defective in several respects. Defendants contend, however, that judgment in favor of plaintiff must be reversed because there is no specific jury finding on an essential element of plaintiff's cause of action, namely, that defendants' representation was a producing cause of plaintiff's damage. Defendants also complain on appeal that there is no evidence that repairs made to the engine were necessary or that their cost was reasonable. We agree with defendant that no evidence of the reasonableness of the cost of repairs appears in the record. Accordingly, we reverse.

It is well settled that testimony as to the reasonableness of the cost of repairs is an essential element of damages to be proved by the plaintiff. *Pasadena State Bank v. Isaac*, 149 Tex. 47, 228 S.W.2d 127 (1950); *Frost National Bank of San Antonio v. Kayton*, 526 S.W.2d 654 (Tex.Civ. App.–San Antonio 1975, writ ref'd n.r.e.); *Hyatt v. Tate*, 505 S.W.2d 373 (Tex.Civ. App.–Houston [1st Dist.] 1974, no writ); *see also Paul v. Johnson*, 314 S.W.2d 338, 342–43 (Tex.Civ.App.–Houston 1958, writ dism'd). Furthermore, the fact of payment standing alone is no evidence of the reasonable cost of repairs. *Dallas Railway & Terminal Co. v. Gossett*, 156 Tex. 252, 294 S.W.2d 377 (1956).

Plaintiff concedes that there is no direct testimony that the cost of repairs was reasonable, but contends that, from all the evidence before it, the jury could accurately determine reasonable costs of repair. Plaintiff relies principally upon the statement of defendant Oscar A. Thomas who testified that he used the same repair shop for certain of his own repairs as did plaintiff in making the repairs in this case. Plaintiff argues that because defendant routinely used the same repair shop, it must necessarily consider that all charges made by that shop were reasonable. We do not find this argument persuasive. There is no testimony that the costs of Thomas' repairs were reasonable, or that they were the usual and customary charges for repairs similar to those made for plaintiff.

While Thomas did testify as to the reasonable cost of replacing two pistons ($350.00), six injectors ($250.00–$300.00), a camshaft (eight hours at $16.50 per hour), and the rod and main bearings (6.2 hours at $16.50 per hour), this amount, totalling about $900.00, does not approach the amount considered by the jury or found by them as damages. In view of the jury's award of $3,800.00, we find these admissions by Thomas to be no evidence of the reasonableness of all of the repairs considered and found as damages by the jury. Further, plaintiff failed to introduce any

evidence of the reasonableness of any costs, except to testify that a customary charge for labor was $21.00 per hour. He did not testify, however, that this was the rate charged in the instant case. We find no other evidence in the record, and appellee directs us to none, as to the reasonableness of the costs of these repairs. We conclude, therefore, that plaintiff has failed to sustain his burden of proving his damages.

■ Because we find it necessary to remand the case, we address appellant's point that the court erred in failing to submit a requested issue on causation. While a specific issue on causation may be submitted, failure to do so is not error, if the jury is otherwise instructed that its finding with respect to damages is limited to those arising out of, or resulting from, the misrepresentation. Here, the jury was asked to find the sum of money *required to place the truck in the condition represented.* This form of submission is adequate.

Our search has revealed no authority which requires that causation be specifically submitted. The authorities agree that, rather than a specific issue on causation, the issues must be so phrased as to limit the jury's consideration of damages to those resulting from the acts found to have been deceptive. *Woods v. Littleton,* 554 S.W.2d 662, 671–72 (Tex.1977); *American Transfer & Storage v. Brown,* 584 S.W.2d 284, 296 (Tex.Civ.App.–Dallas 1979), *rev'd on other grounds,* 601 S.W.2d 931 (Tex.1980). We hold that no specific issue on causation is required so long as issues or instructions limit the jury's findings to those damages arising out of, resulting from, or, as in this case, required to place the truck in the condition represented.

■ Because there is no evidence that the costs of repairs were reasonable, we must reverse. We remand rather than render, because the evidence is undisputed that plaintiff suffered substantial damages, and that the damages resulted from a representation which the overwhelming evidence shows to have been made and which the jury found to be false. Under these circumstances, we conclude that the interest of justice requires us to remand for a new trial. *See Morrow v. Shotwell,* 477 S.W.2d 538 (Tex.1972); *Lanford v. Smith,* 128 Tex. 373, 99 S.W.2d 593 (1936). Costs of appeal are taxed against plaintiff.

Reversed and remanded.