A. YBARRA, Appellant,

v.

Carlos SALDANA, Miguel Saldana, and Antonio Saldana, Appellees.

No. 16674.

Court of Appeals of Texas, San Antonio.

Nov. 25, 1981.

Roger C. Rocha, Laredo, for appellant.

Frank J. Saldana, Jr., Mann, Cronfel, Dickinson & Saldana, Laredo, for appellees.

## OPINION

Before KLINGEMAN, CLARK and BASKIN, JJ.

KLINGEMAN, Justice.

Appellees Carlos Saldana, Miguel Saldana, and Antonio Saldana, filed suit to recover damages from the commission of deceptive trade practices by appellant, A. Ybarra, pursuant to the Deceptive Trade Practices-Consumer Protection Act, Tex.Bus. & Com. Code Ann. § 17.50(a) (Vernon Supp. 1976–1977).[1] In a non-jury trial, the court found the appellee sustained actual damages of $11,098.74 which consisted of $6,098.74 as the reasonable and necessary amount spent by appellee over and above the contract price in order to complete the construction as per the original plans; and $5,000 as the value of appellee's services in supervising the construction work. The trial court trebled the actual damages,[2] awarding the total of $33,296.22, plus attorney's fees. In addition, the court found that appellee suffered mental pain and anguish to the extent of $6,000 as a direct result of appellant's deceptive trade practices, but denied such recovery. Appellant appeals said judgment; appellee cross-appeals as to the denial of recovery for mental pain and anguish. No findings of fact or conclusions of law were filed by the trial court.[3] There are no points of error complaining of the trial court's failure to file findings of fact or conclusions of law.

Appellant and appellee entered into a written contract on July 18, 1977, under which appellant agreed to construct a house for appellee for a total consideration of $44,730. It was agreed that construction would be complete on or before 120 days from July 23, 1977, the date the contract was executed and acknowledged. By the end of the contract period (late November) construction was only half complete. By letter of December 21, 1977, appellee informed appellant of his intention to file this

---

1. "[T]he statutory provisions that govern this case are those that were in effect *at the time* that the alleged deceptive acts occurred." *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 172 (Tex.1980). All statutory references are to the 1977 version of the Deceptive Trade Practices-Consumer Protection Act, Tex.Bus. & Com. Code Ann. §§ 17.41–17.63 (Vernon Supp. 1976–1977).

2. The court in its judgment found that plaintiffs are entitled to treble damages under the provisions of the Texas Deceptive Trade Practices Act as it existed at the time plaintiffs' cause of action arose, as agreed to by the parties.

3. No proper request for findings of fact or conclusions of law were made by appellant. Appellant failed to comply with Tex.R.Civ.P. 297.

suit. In response, the appellant requested an extension of 8 weeks from January 2, 1978, in which to complete construction. After granting the extension, appellee advanced $1,200 to appellant notwithstanding the terms of the extension agreement with respect to deferral of future draws. Thereafter, appellant failed to continue to work. This suit was then filed on April 23, 1978.

■ In the absence of findings of fact, the trial court's judgment must be viewed as impliedly finding all necessary facts in support of its judgment. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977); *Buchanan v. Byrd*, 519 S.W.2d 841 (Tex.1975); *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1951). Where findings of fact and conclusions of law are not properly requested and subsequently filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory supported by the evidence. *Seaman v. Seaman*, 425 S.W.2d 339, 341 (Tex.1968). In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto, it is proper to consider only the evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature. *Renfro Drug Co. v. Lewis, supra.*

Appellant's first point of error asserts that the trial court reversibly erred in finding a violation of "the Act," when appellee failed to plead and prove that appellant acted with an intent to deceive. Appellant submits that the specific acts set forth by appellee in its original petition as constituting appellant's deceptive trade practices are not included in the legislatively proscribed acts of § 17.46(b) or § 17.50(a)(4). Therefore, the alleged deceptive trade practices must fall within §§ 17.46(a), 17.50(a)(2), or 17.50(a)(3). Appellant contends that these three sections require proof of the intent to deceive the consumer. Appellee having failed to prove such intent to deceive, appellant argues that the trial court reversibly erred in finding a violation of the Act.

■ Appellant's contention is without merit. Section 17.46(b) sets forth a list of "false, misleading, or deceptive acts or practices" which are unlawful as a matter of law. This is not an exclusive list, because § 17.46(b) states that "the term 'false, misleading, or deceptive acts and practices' includes, but is not limited to the following acts: . . . ." Where an unlisted act or practice is alleged there must be two factual findings: (1) that the act or practice occurred; and (2) that it was a deceptive trade practice. *Spradling v. Williams*, 566 S.W.2d 561, 564 (Tex.1978). As hereinbefore noted, there are no findings of fact or conclusions of law filed with this appeal.

■ The record sufficiently supports the trial court's implied finding that (A) appellant was guilty of a violation of the Texas Deceptive Trade Practices Act, and (B) an intent to deceive is not required under the Act as it applies to this case. Even if we assume that an intent to deceive is required,[4] the evidence sufficiently supports an implied finding that appellant acted with intent to deceive appellee.

Appellant's second point of error alleges that the trial court reversibly erred in including $5,000 as part of the $11,098.74 actual damages awarded to appellee. This amount was attributed to the value of appellee's services in supervising the construction work.[5] Since appellee is not a contractor by profession and at all times in question was employed and paid by the U. S. Army for his professional services as a den-

---

4. In *Singleton v. Pennington*, 568 S.W.2d 367 (Tex.Civ.App.—Dallas 1977), *rev'd*, 606 S.W.2d 682 (Tex.1980), the Dallas Court of Civil Appeals held that §§ 17.46(a) and 17.50(a)(3) require proof of a specified intent to deceive in order to constitute a violation of the Deceptive Trade Practices Act. Reversing the judgment of the appeals court and affirming that of the trial court, the Texas Supreme Court held that plaintiff proved a cause of action under § 17.-

46(b), therefore, it was "unnecessary to decide whether the court of civil appeals' holdings with respect to §§ 17.46(a) and 17.50(a)(3) [were] correct." *Pennington v. Singleton*, 606 S.W.2d 682, 688 (Tex.1980).

5. The sum of $5,000 was determined by multiplying 40 days of work by $125.00 per day, the daily customary charge by contractors.

tist, appellant contends that appellee suffered no economic detriment and was not entitled to such recovery under the Act.

■■■ "The actual damages suffered under § 17.50(b)(1) are determined by the total loss sustained by the plaintiff as a result of the deceptive trade practices." *Smith v. Baldwin*, 611 S.W.2d 611, 617 (Tex.1980). While the Act does not define actual damages, the term has been construed to mean common law damages. *Smith v. Kinslow*, 598 S.W.2d 910, 913 (Tex.Civ.App.—Dallas 1980, no writ)[6] One common law measure of damages is direct economic loss determined by the costs of replacement and repairs. *Nobility Homes of Texas, Inc. v. Shivers*, 577 S.W.2d 77, 78 n.1 (Tex.1977). Therefore, "[w]hen an owner, upon failure of the contractor to perform takes over the job and completes the work himself, he may recover from the contractor the excess of the reasonable and necessary cost of completion over and above the unpaid portion of the contract price." *McKnight v. Renfro*, 371 S.W.2d 740, 745 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.). Here the judgment recites that appellee should recover the sum of $5,000 for the value of his services in supervising the construction work, established by the evidence to be a reasonable and customary charge of contractors for such work. In the absence of findings of fact and conclusions of law, the trial court's judgment must be viewed as impliedly finding that appellee performed such work and said sum is part of the reasonable and necessary cost of completion of the contract.

■■■ Appellant also contends that the trial court reversibly erred in trebling the actual damages since appellee failed to plead and prove a violation of any of the 21 prohibited deceptive acts specified in § 17.-46(b) of the Act. Appellant bases this contention on Chief Justice Greenhill's concurring opinion in *Spradling v. Williams*, 566 S.W.2d 561 (Tex.1978), which suggests that the trebling of actual damages for the violation of unlisted and unspecified unlawful acts may not withstand a constitutional challenge. "Unconstitutionality of a statute is an affirmative defense which must be plead." *Mobile American Sales Corp. v. Rivers*, 556 S.W.2d 378, 382 (Tex.Civ.App.—San Antonio 1977, writ ref'd n. r. e.). Since appellant did not plead unconstitutionality at trial as required by Tex.R.Civ.P. 94, he has waived this affirmative defense. 556 S.W.2d, at 383. In the absence of such a challenge the law is clear. Upon a finding of any deceptive trade practices, the Act as it existed when the appellee's cause of action arose requires the trebling of actual damages for violation of the Act whether specifically listed or not. *Woods v. Littleton*, 554 S.W.2d 662, 669 (Tex.1977).

■■■ Appellee complains by way of cross-appeal that the trial court erred in failing to award appellee damages in the amount of $6,000 for mental pain and anguish as found by the court to have been suffered by the appellee as a result of appellant's deceptive trade practices. Since the date of this judgment the Texas Supreme Court has decided *Brown v. American Transfer & Storage Co.*, 601 S.W.2d 931 (Tex.1980), which denied recovery for alleged mental anguish in a suit brought under the Texas Deceptive Trade Practices Act. In *Brown*, the court stated that the Act provides recovery for actual damages. "Actual damages do not include intentional interference with peace of mind which permits recovery for mental suffering in the absence of resulting physical injury or suits based specifically on willful torts." The court held that "[t]he Browns are not entitled to damages for mental anguish as there was no allegation that the wrongful action that caused the suffering was willful, and there was no resulting physical injury." *Id.*, at 939. Although the trial court found that the appellee suffered mental pain and anguish in the sum of $6,000 as a direct

---

6. "[T]he reasonable cost of remedying the defects ... is a more precise formulation of the general principle of contract law that the aggrieved owner is entitled to be placed in as good a position as if the contract had been performed. This is the recognized measure for breach of a contract for construction of a building." *Id.* at 913.

result of appellant's deceptive trade practices there are no allegations which state the deceptive trade practices were willful or caused physical injury. Therefore, appellee is not entitled to damages for mental pain and anguish.

The trial court's implied findings necessary to support the judgment are sufficiently supported by the record. All of appellant's points of error are overruled.

We find no reversible error. The judgment of the trial court is affirmed.