**GATX TANK ERECTION CORPORATION,**
Appellant,

v.

**TESORO PETROLEUM CORPORATION,**
Appellee.

No. 04-83-00452-CV.

Court of Appeals of Texas, San Antonio.

April 24, 1985.

Rehearing Denied June 11, 1985.

**618**

Daniel A. Hyde, Houston, for appellant.

Eugene Stewart, Carrizo Springs, for appellee.

Before ESQUIVEL, REEVES and KLINGEMAN *, JJ. (Assigned).

* Assigned to this case by the Chief Justice of the Supreme Court of Texas as authorized pursuant to paragraph (d) of Article 1812, Texas Revised

## OPINION

KLINGEMAN, Justice (Assigned).

This is a suit for damages involving alleged deceptive trade practices and breaches of warranty. Tesoro Petroleum Corporation sued GATX Tank Erection Corporation in a District Court of Dimmit County, Texas for damages alleging that GATX misrepresented certain characteristics of two large storage tanks sold by GATX to Tesoro. Trial was to a jury with numerous special issues submitted. All material special issues were found in favor of Tesoro and judgment entered for Tesoro on the basis of such jury findings. The jury found that Tesoro suffered damages in the amount of $56,943.88 which the trial court trebled. Attorney's fees were also awarded to Tesoro.

Although many of the special issues and much of the testimony pertain to the question of liability, GATX does not appeal from this portion of the judgment, and its appeal is limited to the damages award, including the award of attorney's fees.

In this opinion GATX will sometimes be referred to as appellant or defendant. Tesoro Petroleum Corporation will be called either Tesoro, plaintiff, or appellee.

In June of 1976, Tesoro requested several companies to bid on the construction of petroleum storage tanks at its refinery in Carrizo Springs. GATX submitted the successful bid. Construction on the tanks was completed in May of 1977. Although GATX built three storage tanks at Tesoro's refinery, only two of the tanks designated by Tesoro as tanks nos. 23 and 24 are involved in this litigation.

Each of the tanks is designed to hold approximately 50,000 barrels of liquid products. Each has a fixed roof and an internal floating roof. The internal floating roof sits on top of the product, and is designed to rise and fall with the level of the product contained in the tank. Ten vent sections are cut out of the top of each of the tanks.

Civil Statutes as amended by H.B. 2244 (Acts 1983, 68th Leg., p. 1912, Ch. 354, Sec. 1, effective June 16, 1983).

Five of the openings are designed exclusively for air ventilation. The remaining five vents are designed for both air ventilation and product overflow.

In its bid GATX specified that "venting for all tanks (including overflows for covered floating roof tanks) based on 2500 BBLS/Hour, Fill and Emptying Pumping Rates." This notifies the purchaser that the overflow vents will allow 2500 barrels of products per hour to flow out of the tank, and is used by the purchaser to establish the maximum flow rate of products pumped into the tank. Tesoro contends that the overflow vent on tanks 23 and 24 could not accommodate the 2500 barrel per hour fill rate testified by GATX.

An accident occurred on April 8, 1978 at Tesoro's Carrizo Springs refinery during the transfer of gasoline into tank 23, when a Tesoro employee overfilled tank 23, causing gasoline to spill out of the tanks through the overflow vents. Once the overflow was discovered, the transfer was stopped and clean-up operations were initiated. Tesoro's employees subsequently climbed on top of tank 23 and discovered that the internal floating roof was no longer floating on the gasoline. After the tank was taken out of service, an inspection confirmed that the internal floating roof had indeed sunk to the bottom of the tank, causing damage to the tank. There is testimony that subsequent investigations showed that the tank did not have the specified venting protection. Tesoro made modifications and repairs to the tank which it deemed necessary. Tesoro subsequently brought this suit against GATX, claiming that the tanks were not as represented. The case was tried before a jury and a number of special issues were submitted. The jury found that GATX had committed certain deceptive trade practices and breaches of warranty, and also found the amount of damages. GATX timely perfected its appeal.

After a careful review of the entire record and applicable authorities, we have concluded this case must be reversed because of (a) lack of proof of the reasonableness of the cost of repairs; (b) error of the trial court in awarding Tesoro attorney's fees.

Since appellant has not assigned any points of error with respect to liability, that part of the judgment has become final. Appellant on his appeal complains only of (a) the award of damages; (b) the award of attorney fees to Tesoro. Appellant also contends that the damages for loss of use are contractually disallowed or in any event are limited in amount. A great deal of the testimony in the record pertains to the liability issues. This is understandable as liability was hotly contested in the trial court, but since appellant does not appeal from that portion of the judgment, we are not concerned with the issue of liability and will not discuss it in this opinion.

■ As hereinbefore indicated, the evidence as to damages is relatively sparse. The only evidence presented by Tesoro as to the cost of repairs is basically proof of the payment of certain invoices or accounts as to the repairs, without proof as to the reasonableness of such costs. Clearly there is proof as to the necessity of repairs to the tanks involved. However, under established principles of law it is necessary to prove both that such repairs were necessary and that the costs of repairs were reasonable.

■ It is incumbent upon the parties seeking recovery for the cost of repairs to prove the reasonable value of such repairs. *Dallas Railway & Terminal Co. v. Gossett,* 156 Tex. 252, 294 S.W.2d 377 (1956); *Truck Farm, Inc. v. Allen,* 608 S.W.2d 296 (Tex.Civ.App.—Dallas 1980, no writ); *Frost National Bank of San Antonio v. Kayton,* 526 S.W.2d 654 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.); *Hyatt v. Tate,* 505 S.W.2d 373 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ).

This court in *Frost National Bank of San Antonio v. Kayton, supra,* held that there was no evidence to support the jury's award for damages for repairs because there was no competent evidence concerning the reasonable cost of such repairs. In

such opinion this court quoted with approval the following holding in *Dallas Railway & Terminal Co. v. Gossett,* stating:

> In some jurisdictions proof of the expenses incurred or paid for the treatment of personal injuries is regarded as presumptive evidence of the reasonable value of the services, provided the unreasonableness of the charges does not appear from other evidence. This rule has never been followed in Texas, and it is now well settled that proof of the amounts charged or paid does not raise an issue of reasonableness, and recovery of such expenses will be denied in the absence of evidence showing that the charges are reasonable.

294 S.W.2d at 382–383.

In *Allright Inc. v. Lowe,* 500 S.W.2d 190 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ) it was held that paid invoices, standing alone, were not sufficient to show the reasonableness of the repairs, and therefore the jury had no evidence on which to make a decision as to the cost of repairs.

The evidence in this case as to loss of use is also nebulous and vague. There is evidence that some loss was sustained, but there is other evidence that the tanks involved were used for some purposes for a considerable portion of the time, and very little evidence as to the length of time involved in such loss of use.

We next consider appellant's point of error complaining that the trial court erred in allowing appellee's expert to testify regarding attorney's fees. Appellant makes no complaint here as to the amount of such award, or as to its reasonableness. Appellant's complaint is based solely on its contention that Tesoro completely failed to comply with the terms and provisions of TEX.R.CIV.P. 168. At the time of trial, section 7 of Rule 168[1] read in part as follows:

> [I]f the party expects to call an expert witness whose name and the subject matter of such witness' testimony has not been previously disclosed in response to an appropriate interrogatory, such answer must be amended to include the name, address, and telephone number of the witness and the substance of the testimony concerning which the witness is expected to testify, as soon as is practical, but in no event less than fourteen (14) days prior to the beginning of trial except on leave of court. If such amendment is not timely made, the testimony of the witness shall not be admitted into evidence unless the trial court finds that good cause sufficient to require its admission exists; . . .

■ GATX, pursuant to Rule 168, directed an interrogatory to Tesoro asking for the identity of each person who Tesoro expected to call as an expert witness at the time of the trial. After being compelled by the court to answer GATX's interrogatory, Tesoro filed its answer listing Ron Grantham, Jose Verdin, and Walter Rossler as expert witnesses. Despite his pretrial representation regarding experts, Tesoro's counsel called himself as an expert witness regarding attorney's fees. Counsel for GATX objected that Tesoro had not identified such attorney as an expert who would testify in the case. GATX objected to such testimony, but such objection was overruled by the court, and such attorney was permitted to testify.

■ Tesoro did not offer any evidence showing good cause sufficient to require the admission of the testimony. The testimony as to such attorney was the only testimony as to the reasonableness of the attorney's fees, and without this testimony, there is no evidence of the reasonableness of such attorney's fees.

We sustain GATX's point of error in this connection. We are not here holding that an attorney who is the trial attorney in a case is not a competent witness to testify as to attorney's fees. We are simply hold-

---

**1.** Section 7 of Rule 168 concerning the duty to supplement interrogatories was moved to Rule 166b and revised to apply generally to the discovery process. This amendment became effective April 1, 1984.

ing that the provision of Rule 168 should be followed.

Since we have heretofore held that this case must be reversed and remanded for other reasons, the amount of attorney's fees, if any, and the reasonableness of such charges in another trial will probably vary from the amount of attorney's fees involved in the case before us.

The judgment of the trial court is reversed, and the cause is remanded to the trial court for a new trial as to the matter of damages only. This would include the award of attorney's fees.