**Opinion issued August 14, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00696-CV

———————————

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant**

**V.**

**SPRING INDEPENDENT SCHOOL DISTRICT, Appellee**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1017919**

---

## MEMORANDUM OPINION

Appellant Government Employees Insurance Company (GEICO) paid a property damage claim made by an insured whose car collided with a school bus. GEICO's insured eventually sued appellee Spring Independent School District to hold it responsible for negligence that caused the accident. GEICO intervened in

that lawsuit based on the subrogation clause in its contract with its insured. A jury found the school district negligent and awarded personal injury damages.

The jury was not instructed as to property damage. Asking that the judgment award damages in its favor for the cost of repairs to its insured's car, GEICO moved for JNOV, which the trial court initially granted but later set aside. GEICO now appeals, arguing that it was error for the trial court to have set aside its order or to have otherwise refused to grant JNOV. We affirm.

## Background

Lakisha Rucker was involved in a car wreck caused by negligence attributable to the Spring Independent School District. GEICO paid a claim under its casualty policy for the damage to Rucker's car. When Rucker sued the school district, GEICO intervened as the contractual subrogee of her claim for property damages.

After the judge had dismissed the jury on the first day of trial, GEICO offered the court several exhibits concerning its claim as subrogee. As "Exhibit A," it furnished the affidavit of its employee Sybil Griffin, an itemized estimate by its adjustor of the cost of repairs to Rucker's vehicle, and a memorandum of payment to the shop identified in the estimate. Griffin's affidavit attested that she was GEICO's custodian of the records included in Exhibit A and that the "services reflected in the attached records were necessary, and the amounts charged as

2

reflected in the records were reasonable at the time and place that the services were provided or described." GEICO offered this exhibit "purely for the Court, not for the jury to see at all." The school district did not object, and the court admitted the exhibit, specifying that it was not to be presented to the jury.

GEICO also attempted to admit a redacted copy of the estimate alone for the jury's consideration. The school district objected that the estimate was hearsay and failed to qualify under the exception for affidavits of reasonable and necessary services under Section 18.001 of the Texas Civil Practice and Remedies Code. The trial court sustained this objection.

At the jury-charge conference, GEICO requested submission of a question on the cost to repair Rucker's car. The school district objected that there was no evidence to support such a finding by the jury, and the court sustained the objection. Consequently, the jury charge was devoid of any question on property damage.

The jury found that the school district's negligence had injured Rucker, and it awarded her damages for personal injuries and the loss of use of her vehicle. Prior to entry of judgment, GEICO moved for JNOV, arguing that it should be awarded damages for the cost of repairing Rucker's car. The trial court initially took no action on this motion and entered judgment on the jury's verdict on May 31, 2013. A few days after entry of judgment, a hearing was held on the JNOV

motion, and the court received briefing from the parties. GEICO argued that Exhibit A, the exhibit admitted for the court only and not for the jury, was uncontroverted evidence of the cost of reasonable and necessary repairs to the vehicle and that therefore it was entitled to JNOV.

On July 10, 2013, the court granted JNOV, and it rendered judgment for GEICO in the amount of $3,529.83. At a status conference to determine the wording of a revised final judgment, the school district argued that the court had lacked jurisdiction to enter the July 10 order because it was made after the expiration of the court's plenary power. The court received briefing on that issue, and then on August 2 set aside the July 10 order, without stating any reasons.

GEICO filed notice of appeal in the trial court on August 8, 2013. In this court, the school district has filed a motion to dismiss, claiming that the notice of appeal was not timely filed.

**Analysis**

**I.    Motion to dismiss appeal**

We first address the  motion to dismiss. The school district argues that the notice of appeal was filed more than 30 days after the court entered judgment on May 31. It contends that while the Supreme Court of Texas has previously allowed a motion for JNOV to extend the appellate timetable to 90 days in the same manner as a motion for new trial or motion to modify the judgment, GEICO's motion

4

JNOV did not "assail the judgment likely to follow from the jury's verdict" and should be distinguished. *See Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011) (per curiam).

Normally, a "notice of appeal must be filed within 30 days after the judgment is signed." TEX. R. APP. P. 26.1. However, if any party timely files a motion for new trial or a motion to modify the judgment, the period to file a notice of appeal is extended to 90 days. TEX. R. APP. P. 26.1(a)

In *Gomez v. Texas Department of Criminal Justice, Institutional Division*, 896 S.W.2d 176 (Tex. 1995), the Supreme Court held that a post-judgment motion that "assails the judgment" also extends the appellate time table to 90 days, even if the motion is not named in Rule 26.1. 896 S.W.2d at 176–77. In *Weatherspoon*, the Supreme Court considered a prejudgment motion for JNOV and held that it likewise extended the time to file notice of appeal. 355 S.W.3d at 666–67.

The *Weatherspoon* jury returned a verdict for the plaintiff. *Id.* at 665. Prior to entry of judgment, the defendant filed a JNOV motion "on legal insufficiency grounds." *Id.* Though the motion was not styled a motion for new trial, it requested a new trial in the alternative. *Id.* Before holding a hearing on the motion, the court signed a judgment on the jury's verdict. *Id.* More than 30 but less than 90 days after the judgment was signed, the defendant filed notice of appeal. *Id.*

In the court of appeals, the *Weatherspoon* plaintiff moved to dismiss for untimely filing of the notice of appeal. *Id.* The appellate court granted the plaintiff's motion, reasoning that "although a JNOV motion may extend the appellate timetable to ninety days in some circumstances, it only does so if filed after the judgment is signed, and not before." *Id.*

The Supreme Court disagreed with the distinction between JNOV motions filed before and those filed after signing of the judgment. *Id.* The Court emphasized that it had always "treated minor procedural mishaps with leniency, preserving the right to appeal." *Id.* (citing *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997)). It reiterated that "appellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal." *Id.* (quoting *Verburgt*, 959 S.W.2d at 616).

The Court recognized that the Rules of Civil Procedure explicitly permit or excuse motions for new trial that are filed prior to entry of judgment. *Id.* at 665–666 (citing TEX. R. CIV. P. 306(c), 329b(a)). It further observed that the rules specify that a "motion to modify" is "filed and determined" and extends the time for perfecting an appeal "in the same manner as a motion for new trial." *Id.* at 666 (quoting TEX. R. CIV. P. 329b(g)). The Court thus concluded that the rules'

allowance of premature motions for new trial applied equally to motions to modify. *Id.*

Having rejected a distinction between pre- and post-judgment motions, the Supreme Court held that, regardless of whether the defendant's motion was considered as a request for new trial or a motion JNOV, it extended the appellate timetable. *Id.* at 666–67. As the Court explained, the defendant's "legal sufficiency challenge, though raised in a JNOV motion, certainly assailed the judgment that was eventually signed." *Id.* at 666. Accordingly, "[W]hether a premature motion to modify the judgment or a premature motion for new trial, [the] motion clearly assailed the trial court's judgment and triggered Rule 26.1(a)'s extension of the appellate timetable." *Id.*

In this case, the school district argues that GEICO's motion made "no complaint of the jury's verdict" but rather sought to supplement the verdict with an award of property damages. It reasons that GEICO's motion did not "assail the judgment." To hold otherwise, it maintains, would sanction the treatment of even a motion for directed verdict as a motion that "assails the judgment."

We disagree. Describing the *Witherspoon* defendant's motion, the Supreme Court said that it "assail[ed] the judgment *likely to follow from the jury's verdict*." *Id.* (emphasis supplied). In like manner, GEICO's motion "assailed the judgment likely to follow from the jury's verdict," which would have been a judgment

7

devoid of an award of property damages. GEICO's motion thus differed from a request for directed verdict because the latter is necessarily made at a time when there is no jury verdict from which the judgment is likely to follow. Were we to draw a finer line between motions for JNOV that assail a judgment and those that do not, we would be disregarding the Supreme Court's admonition that "appellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal." *Id.* at 665. Accordingly, we deny the school district's motion to dismiss.

## II. GEICO's motion for JNOV

In its brief, GEICO argues that the court erred in setting aside, or alternatively refusing to enter, an order granting JNOV in its favor. It contends that JNOV was proper because Exhibit A was uncontroverted evidence of the reasonable cost of necessary repairs to Rucker's car. GEICO also argued that the court acted within its authority because its JNOV motion had extended the court's plenary power.

The court did not state its reasons for setting aside its order granting JNOV. Therefore, our review is not confined to considering whether the court retained plenary power on July 10 but must consider whether the court could have refused to enter JNOV given the state of the evidence. Because we find that Exhibit A did not conclusively establish the reasonable and necessary cost of repairs as a matter

of law, we conclude that whatever its reasons, the trial court did not err by failing to grant a JNOV on GEICO's motion. Accordingly, we need not also determine whether the trial court had jurisdiction to enter JNOV in its July 10 order.

"[U]pon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper . . . ." TEX. R. CIV. P. 301. "A JNOV should be granted when the evidence is conclusive and one party is entitled to recover as a matter of law . . . ." *B & W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 15 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). Courts must consider evidence in the light most favorable to the nonmoving party, but if the evidence allows of only one inference, they may not disregard it. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005).

In order to recover costs of repairing a car or other property damaged by the defendant's negligence, a plaintiff must show that the costs incurred were reasonable and necessary. *See Pasadena State Bank v. Isaac*, 149 Tex. 47, 50, 228 S.W.2d 127, 128 (1950); *Hyatt v. Tate*, 505 S.W.2d 373, 374–75 (Tex. App.—Houston [1st Dist.] 1974, no pet.); *Argueta v. Banales*, No. 01–06–00191–CV, 2007 WL 2214862, at *1 (Tex. App.—Houston [1st Dist.] Aug. 2, 2007, pet. denied) (memo. op.). "Proof of the amounts charged or paid does not raise an issue of reasonableness . . . ." *Hyatt*, 505 S.W.2d at 374; *see also McGinty v. Hennen*, 372 S.W.3d 625, 627 (Tex. 2012) (explaining that "plaintiff must show more than

9

simply 'the nature of the injuries, the character of and need for the services rendered, and the amounts charged therefor'" (quoting *Dall. Ry. & Terminal Co. v. Gossett*, 156 Tex. 252, 259, 294 S.W.2d 377, 383 (1956))).

GEICO argues that its Exhibit A was sufficient evidence to support an award of its damages, because it complied with Section 18.001 of the Civil Practice and Remedies Code. That statute provides:

> Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(b) (West 2008). To qualify, the affidavit must be made by "the person who provided the service" or "the person in charge of records showing the service provided and charge made" and "include an itemized statement of the service and charge." *Id.* § 18.001(c). In effect, the statute permits compliant affidavits to substitute for competent testimony of reasonableness and necessity, and it exempts such affidavits from the general hearsay rules. *See Hong v. Bennett*, 209 S.W.3d 795, 800–01 (Tex. App.—Fort Worth 2006, no pet.); *Gutierrez v. Martinez*, No. 01–07–00363–CV, 2008 WL 5392023, at *9 (Tex. App.—Houston [1st Dist.] Dec. 19, 2008, no pet.) (mem. op.).

10

A compliant affidavit, while sufficient to support a jury's verdict, is not conclusive evidence of the necessity or reasonableness of the expenses. "[I]t is well-established that affidavits submitted under section 18.001 of the Texas Civil Practice and Remedies Code are not conclusive evidence." *Gutierrez*, 2008 WL 5392023, at *12. In the words of the statute, a compliant affidavit is "sufficient evidence to support a finding of fact by judge or jury." TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(b). Thus, while a compliant affidavit will immunize a trier of fact's finding that expenses were reasonable and necessary from an attack on the sufficiency of the evidence to support that finding, the statute does not make the affidavit conclusive evidence. *See Gutierrez*, 2008 WL 5392023, at *12; *Beauchamp v. Hambrick*, 901 S.W.2d 747, 749 (Tex. App.—Eastland 1995, no pet.) (summarizing the effects of Section 18.001). On the contrary, "It is within the discretion of the jury to consider the amounts claimed . . . and to accept or to reject them." *Gutierrez*, 2008 WL 5392023, at *12.

We need not resolve whether Exhibit A complied with Section 18.001, because even if it did, it still was insufficient to establish as a matter of law that GEICO was entitled to recover the costs of repairing the car. *See Beckman*, 305 S.W.3d at 15. Griffin's avowal that the costs stated in the estimate were reasonable and necessary was merely conclusory opinion testimony from an employee of a party, and it did not establish the reasonableness of the repairs as a matter of law.

11

*Griffin Indus., Inc. v. Thirteenth Court of Appeals*, 934 S.W.2d 349, 355 (Tex. 1996) ("Opinion testimony does not establish any material fact as a matter of law."); *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986) ("The uncontradicted testimony of an interested witness cannot be considered as doing more than raising an issue of fact unless that testimony is clear, direct, and positive . . . ."); *cf. City of Alton v. Sharyland Water Supply Corp.*, 402 S.W.3d 867, 876 (Tex. App.—Corpus Christi 2013, pet. denied) (listing "expert testimony about estimates for repairs, testimony of the person making the estimates or performing the repairs, or approval of the repairs by a third party" as examples of evidence correctly used to show that charges are reasonable).

Moreover, the estimate itself was not proof of services rendered, their necessity, or the reasonableness of their cost. *See McGinty*, 372 S.W.3d at 627–28 ("Estimated out-of-pocket expenses . . . do not establish that the cost of repair was reasonable."); *City of Alton*, 402 S.W.3d at 876 ("[A]n estimate without the testimony of the person who made it or other expert testimony is no evidence of the necessity of the repair or the reasonableness of the cost of the repair."). The memorandum showing payment to the repair shop in satisfaction of Rucker's claim did not indicate whether or which services were actually performed. The courts have held that even a receipt showing actual charges for services rendered is insufficient evidence that the costs were reasonable and necessary. *McGinty*, 372

S.W.3d at 627–28 ("[P]aid out-of-pocket expenses, do not establish that the cost of repair was reasonable."); *Allright, Inc. v. Lowe*, 500 S.W.2d 190, 191–192 (Tex. Civ. App.—Houston [14th Dist.] 1973, no writ) ("Further, receipted bills are admissible to show what the injured party actually paid for repairs. Such bills are not sufficient, however, to show that the amounts paid were reasonable . . . ."); *Galveston-Hous. Electric Ry. Co. v. English*, 178 S.W. 666, 667–68 (Tex. Civ. App.—Galveston 1915, no writ) (automotive repair bills were no evidence that amounts charged were reasonable). Since GEICO did not even satisfy this evidentiary standard, but only offered its own estimate of what the costs would be and a memorandum showing it paid that sum to a repair shop, its estimate and claim memorandum were not even evidence, much less conclusive evidence, that the costs to repair Rucker's vehicle were reasonable and necessary.

Since the estimate and memorandum of payment were not evidence that the repairs were reasonable and necessary, and Griffin's affidavit also cannot be considered conclusive evidence thereof, Exhibit A did not establish the costs of repairing the car as a matter of law. *See Beckman*, 305 S.W.3d at 15. Accordingly, the trial court did not err in refusing to enter JNOV or in setting aside its order granting JNOV. GEICO's issue is overruled.

## Conclusion

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Chief Justice Radack, Justice Massengale, and Justice Huddle.